Meyers *v.* Lehigh Valley Transportation Company et al., Appellants.

Argued December 12, 1939.

Before

KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, RHODES and HIRT, JJ.

A. *Albert Gross,* for appellants.  ·

*Nathan L. Reibman,* for appellee.

OPINION BY RHODES, J., January 30, 1940:

The principal question presented for determination in this workmen's compensation case is whether the claim petition was filed too late. The claim petition was dated April 6, 1937, sworn to by claimant on April 7, 1937, and filed on April 10, 1937. The accident, result-

ing in injuries to claimant, occurred on April 3, 1936, and the parties did not agree upon the compensation payable to claimant. Defendant, in its answer to the claim petition, stated that claimant failed to file his petition within the period of one year from the date of the accident, and was therefore barred under section 315, art. 3, of the Workmen's Compensation Act of June 2, 1915, P. L. 736, 77 PS §602.

The referee dismissed claimant's petition for the reason that it was not filed within one year after the alleged accident, and made no further findings of fact. The board affirmed the referee's order of disallowance, and made no findings of fact except to say: "The claimant had been very lax and dilatory in presenting his claim and as a result it was not filed until it was too late." On appeal the court of common pleas sustained claimant's exceptions, and reversed the order of the board. That court concluded that defendant by its conduct was estopped from invoking the statute of limitations as contained in section 315 of the act, 77 PS §602. Defendant and its insurance carrier have appealed.

The question involved may be stated thus: Was the failure of claimant to file his petition within the time limited by the act due to such acts or conduct of defendant and its insurance carrier as tolled the statute and estopped them from presenting the statutory provision as a bar to claimant's demand for compensation?

If claimant was deceived or misled in connection with filing his claim petition by defendant and its insurance carrier, who are now seeking to take advantage of the limitation, we think that the running of the statute would be tolled. *Guy v. Stoecklein Baking Co. et al.,* 133 Pa. Superior Ct. 38, 48, 1 A. 2d 839. The conduct of defendant and its insurance carrier may be such as to estop them from presenting the statutory limitation as a defense in bar of the claim for compensation, if the effect of such conduct was to mislead or deceive claimant, whether intentionally or not, and induce him

to withhold or postpone filing his claim petition until more than a year had elapsed from the occurrence of the accident. *Demmel v. Dilworth Co. et al.*, 136 Pa. Superior Ct. 37, 39, 7 A. 2d 50.

On April 3, 1936, claimant, while in the employ of defendant employer as a bus driver, stepped out of a bus backward, missed the step, and fell striking his back on the curb. He reported the accident immediately to his superior, William T. Wert, and was relieved from duty that day. Claimant testified that he immediately made out "the state report," and Mr. Wert testified that he prepared and forwarded to the claim department of defendant a compensation report of the accident. Claimant, on returning home, treated his injuries. The next day he reported for work, and worked until December 14, 1936. From December 22, 1936, when examined by his physician, to February 20, 1937, claimant remained at home, being unable to work. He suffered from an abscess at the lower end of the spine, which required treatment by a physician. On February 20, 1937, claimant returned to work with defendant. In December, when claimant was prevented from working by the abscess which had developed, he reported his disability to Mr. Wert, and the latter called the attention of defendant's claim agent to claimant's condition. Mr. Wert informed claimant that Mr. Trythall, the claim agent, was looking after the matter. On February 3, 1937, claimant was notified by the insurance carrier to call at the office of its physician for an examination.

On account of his condition claimant's physician would not permit him to go out, and was to arrange for the insurance carrier's physician to come to claimant's home. This was not done, but on February 19th claimant went to the office of the physician designated by the insurance carrier for an examination. The insurance carrier's physician was not called to testify, and con-

sequently what he said to claimant does not appear in the record, nor did the compensation authorities have the benefit of the doctor's report to the insurance carrier after his examination of claimant. After the insurance company moved to have claimant examined, it devolved upon it to make a prompt report to claimant as to its attitude in order that he might protect his rights by consulting counsel or filing his claim petition if it denied liability. It cannot be ascertained from the record when he received notice that his claim would not be recognized by the insurance carrier. It is possible that it was after the expiration of the year.

We are of the opinion that this case must be sent back to the board in order that additional testimony may be taken to establish when claimant was told that his claim would not be paid, to show the circumstances surrounding his examination on February 19th by the physician of the insurance carrier, and to disclose the conduct of the insurance carrier subsequent thereto.

On the present state of the record the board was not warranted in stating that claimant was lax and dilatory and as a result his claim petition was filed too late. On the other hand, the conclusion of the court below that defendant by its conduct was estopped from invoking the statute of limitations cannot be sustained. In the absence of explicit findings of fact we cannot determine that the statute was tolled. The legal conclusion depends upon the facts which may be found. There are no such definite findings of fact in this case to enable us, or the court below, to determine the question of law involved.

We have not had the benefit of a written brief or an oral argument on the behalf of claimant.

The order of the court below is reversed, and the record is remitted to the court below with instructions to transmit it to the board for further hearing and determination pursuant to this opinion.