Mucha *v.* M. L. Bayard & Company, Inc., Appellant.

Argued March 24, 1954. Before Ross, Gunther, Wright, Woodside and Ervin, JJ. (Rhodes, P. J. and Hirt, J., absent).

*Paul H. Ferguson,* for appellants.

*Gregory G. Lagakos,* with him *Samuel Blank* and *Rappaport, Lagakos & Blank,* for appellee.

OPINION BY GUNTHER, J., November 15, 1954:

This is an appeal by the employer from a workmen's compensation award granted claimant by the court below. The referee found in favor of the claimant, the Board reversed the referee, and the court below reversed the Board.

Claimant, a machinist, was injured on October 14, 1941, when struck in the eye by a piece of metal. Two doctors determined that the accident caused a cataract in his eye. About a year later one of the doctors advised him to have an operation; the other felt he could wait longer for the cataract to develop. Claimant decided to postpone the operation and was assured by his employer that upon claimant's return from army service the employer would take care of the operation. Claimant then entered the army, returning to work, upon his discharge, in April, 1946. At that time he was totally blind in the injured eye and the medical testimony proved that his cataract was then ready for

an operation. He was again assured by his employer that the operation would be taken care of. Claimant postponed action, however, for several years. Again in 1949 he was assured he would be taken care of. When he finally decided to undergo operation, the insurance company refused to pay and a claim petition was filed in March, 1950.

The Board found the above facts but concluded that the employer's representations related only to hospital and medical services and not to compensation and that claimant had therefore filed his claim petition too late. The court below, accepting the Board's findings of fact, concluded as a matter of law that the employer was estopped from pleading the statute of limitations by its conduct in lulling claimant into a position of inaction.

The limitation section of The Pennsylvania Workmen's Compensation Act, §315, Act of June 21, 1939, P. L. 520, 77 PS §602, provides that "all claims for compensation shall be forever barred, unless, within one year after the accident, . . . one of the parties shall have filed a petition . . ." This is not a pure statute of limitations but one which qualifies the granting of a substantive right by a condition as to the time within which action to enforce it may be maintained. *Lewis v. Carnegie-Ill. Steel Corp.*, 159 Pa. Superior Ct. 226, 48 A. 2d 120. However, the actions or promises of an employer may act as an estoppel to plead the one year limitation. The declarations or conduct of the employer amounting to an estoppel do not give the claimant an indefinite time within which he must thereafter file his claim petition, but, on the contrary, the claimant must file his petition within one year from the time of the declarations or conduct relied upon. *Guy v. Stoecklein Baking Co.*, 133 Pa. Superior Ct. 38, 1 A. 2d 839. The reason for this is that "The legislature

thought that one year was a reasonable time within which to bring such actions and under the circumstances we think that that same limitation should be applied to run from the date of the conversation between the claimant and the officer of the defendant company." *Guy v. Stoecklein Baking Co.,* supra, page 50. In this case the testimony of claimant discloses that his employer made a declaration which could be construed as an estoppel in April, 1946. The next declaration was in late 1949, more than three years later. During that period the claimant was medically ready for his operation, yet he postponed it by his own decision and through no fault or urging of the employer. It is clear, therefore, that his right to file a claim petition expired between the two declarations of the employer. The cases cited by appellee and the court below all involve instances in which the claimant actually did file within one year after the employer's declarations or conduct. *Paolis v. Tower Hill C. Coke Co.,* 265 Pa. 291, 108 A. 638; *Meyers v. Lehigh Valley Transportation Co.,* 138 Pa. Superior Ct. 569, 10 A. 2d 879.

Judgment reversed and entered for the defendant.