## Angermier, Appellant, *v.* Hubley Manufacturing Co.

Submitted June 16, 1965. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, FLOOD, JACOBS, and HOFFMAN, JJ.

*David R. Eaby,* with him *Eaby and Eaby,* for appellant.

Paul A. Mueller, Jr., and Barley, Snyder, Cooper & Mueller, for appellees.

OPINION BY HOFFMAN, J., September 16, 1965:

The question raised in this workmen's compensation case is whether a claim petition filed after expiration of the statutory period must be dismissed. The accident occurred on May 31, 1961, and the petition was filed on October 16, 1963, approximately two years and four months later.

Claimant is Clarence A. Angermier, an employe of defendant, Hubley Manufacturing Company. Defendant's insurance carrier is Pennsylvania Manufacturers Association Casualty Insurance Company.[1] Claimant notified his foreman of the accident and reported to the employer's dispensary. He was referred from there to Dr. H. K. Hogg. On June 5, 1961, he reported to Dr. Hogg, who examined and treated him until discharge on August 17, 1961. The condition recurred and claimant returned to Dr. Hogg on August 4, 1962, for further examination and treatment. Thereafter, he was hospitalized and underwent surgery on several occasions.[2]

Claimant was unable to work from November 11, 1962, to January 2, 1963; April 29, 1963, to July 16, 1963; and October 10, 1963, to January 5, 1964.[3] Dr. Hogg testified that claimant lost 60% of the use of his

---

[1] Both defendant and the carrier are appellees in this proceeding.

[2] He was hospitalized on November 11, 1962, April 29, 1963, and October 10, 1963. Throughout the entire period, he remained under the care of Dr. Hogg and physicians to whom Dr. Hogg referred him.

[3] Dr. Hogg testified that claimant was unusual in that it was difficult to keep him from work. He indicated that the man was returned to work too soon and that he could do no work which required him to raise his arm.

right arm, and that his difficulty was attributable to the accident of May 31, 1961.[4]

The referee dismissed the claim petition on the ground that the statutory period for filing had expired. Claimant appealed to the Workmen's Compensation Board which reversed the decision of the referee and remanded the case solely for the purpose of obtaining evidence as to claimant's continuing disability. The Court of Common Pleas of Lancaster County reversed the ruling of the Board and held that the petition must be dismissed. From this decision, the present appeal has been taken.

Section 315 of the Pennsylvania Workmen's Compensation Act, as amended, 77 P.S. 602, provides: "In cases of personal injury all claims for compensation shall be forever barred, unless, within sixteen months after the accident, the parties shall have agreed upon the compensation payable under this article; or unless within sixteen months after the accident, one of the parties shall have filed a petition as provided in article four hereof."

The general rule is that filing of the petition in the specified time is an express condition of the right to obtain an award for compensation, and that failure to file it within the specified time is an absolute bar of the right. *Thorn v. Strawbridge & Clothier,* 191 Pa. Superior Ct. 59, 155 A. 2d 414 (1959). However, several exceptions to this rule have been recognized. For example, where there is fraud or deception, intentional

---

[4] It may be noted that claimant was called to the office of the insurer where he gave a written statement on November 27, 1962. The record does not disclose why the insurer wanted the statement at this time. There is also some evidence, denied by claimant, that the Bureau of Workmen's Compensation mailed him a letter on December 2, 1962, advising him that he had a 16 month statutory filing period. Both the visit to the insurer's office and the letter of December 2, 1962, occurred after the 16 month statutory period for filing had elapsed.

or unintentional, the defendant may be estopped from asserting the period of limitations as a defense. If a person is deceived, even unintentionally, as to his rights by one who has the authority to act on the premises, courts will not permit such a deception to work an injury to the innocent party. *Guy v. Stoecklein Baking Co.,* 133 Pa. Superior Ct. 38, 1 A. 2d 839 (1938). Among the recognized exceptions is one which was set forth by the Board in the present case as follows: "Where a claimant at the request of the insurer submits to a physical examination by the insurer's physician, the insurer is under a duty to seasonably notify him of its attitude toward his claim, and if it fails to do so until after the statutory period for filing a claim petition has run, it will be estopped from asserting that it is too late." Vol. 1 Skinner, Pennsylvania Workmen's Compensation Law, 1964 Supplement, p. 85. The board held that the passage quoted from Skinner "adequately paraphrases the controlling case law in Pennsylvania, and also reflects the thinking of this Board in previous decisions discussing the same issue." (Record 49a) In applying this rule to the facts of the present case, the board noted that "During this entire period" involved, claimant ". . . was under the care of the employer's physician" (Record 47a); that he was under the medical care of that physician when he filed his claim petition (Record 48a); that "there is nothing in this record to indicate that the doctor or the claimant understood that his treatment was as a private patient" (Record 48a); and that "he underwent corrective surgery at or about the time when the claim petition was filed" (Record 48a). The Board said: "We think that the insurer had some obligation to this claimant during the period that his case was in progress. Claimant was treated by no one other than the physician he was sent to by defendant. He submitted himself to the office of the insurer upon request and gave

what appears to be a statement of his course of treatment resulting from the original injury. The claimant remained under the tent and roof of only one party, to wit, the defendant. It does not behoove the defendant to now disclaim any responsibility for the circumstances." (Record 48a-49a).

Our examination of previous decisions reveals that the legal principle cited by the Board is well established. In *Meyers v. Lehigh Valley Transportation Co.*, 138 Pa. Superior Ct. 569, 573, 10 A. 2d 879 (1940), a case frequently cited by this court, it was held that after a claimant was examined by the insurance company's physician, ". . . it devolved upon it (the company) to make a prompt report to claimant as to its attitude in order that he might protect his rights by consulting counsel or filing his claim petition if it denied liability."

The question then is whether the evidence supports the Board's application of that principle to the facts of this case. The credibility of the witnesses and the weight of conflicting evidence on factual questions are exclusively for the compensation authorities. If there is competent and substantial evidence in the record to sustain the findings of the Board, they are conclusive and cannot be disturbed by the courts. Of course, in cases of this type, the evidence must be examined in the light of the requirement that it be clear and precise. *Thorn v. Strawbridge & Clothier,* supra.

Not only is it clear that claimant was examined initially by a physician acting for the insurance company and his employer,[5] but it is also evident that he was

---

[5] These facts appear in the testimony of the physician:

"Q. And he was sent to you by whom?

A. I am the compensation surgeon for Hubleys. The plant surgeon, they call it.

Q. How long have you been such?

A. About ten years, since 1946.

examined on numerous occasions and treated continuously by that physician throughout the period involved in this case. (Record pp. 33a-34a). It is apparent, too, that the insurance company was advised of the accident, received reports from the physician, and paid some medical bills (Record 13a, 14a, 32a). The record also supports the conclusion that the company did not advise the claimant of its attitude prior to the expiration of the statutory period. (Record 27a, 29a).

It is clear, therefore, that the Board was correct in its application of the principle established in *Meyers v. Lehigh Valley Transportation Co.,* supra. In many of the cases in which the defendant has been estopped to avail itself of the limitations provision, its conduct was such as to lull the claimant into a sense of false security. *Guy v. Stoecklein Baking Co.,* 133 Pa. Superior Ct. 38, 1 A. 2d 839 (1938); *Thorn v. Strawbridge & Clothier,* supra; *Demmel v. Dilworth Co.,* 136 Pa. Superior Ct. 37, 7 A. 2d 50 (1939); *Fulton v. Philadelphia Rustproof Co.,* 200 Pa. Superior Ct. 467, 190 A. 2d 459 (1963); Skinner, cited, supra, p. 86.[6] After

Q. That almost makes it twenty years?

A. Yes." (Record 12a-13a)

It is also clear that claimant understood that he was being treated by Dr. Hogg in this capacity. Claimant testified as follows:

"Q. You heard him testify that he has been the company surgeon for twenty years, you are familiar with this?

A. Yes, I was.

Q. And everything that Dr. Hogg has said, you have no contradiction or anything to add to that testimony?

A. No, I don't." (Record 25a)

[6] In support of its contention that claimant should be barred from filing a claim petition, appellee has cited *Dennis v. E. J. Lavino & Co.,* 203 Pa. Superior Ct. 357, 201 A. 2d 276 (1964). However, *Dennis* is clearly distinguishable from the present case. There the claimant had signed a final receipt and we held that such a receipt "is prima facie evidence of the termination of the employer's liability to pay compensation and must control unless there be of record *conclusive* proof that the receipt was procured by fraud,

carefully considering the entire record in this case, we cannot hold as a matter of law that there is not sufficient evidence to support the Board's conclusion that claimant was misled by defendant's conduct.

The order of the court below is reversed, and the case is remanded for further proceedings consistent with the order of the Workmen's Compensation Board.

coercion or other improper conduct on the part of the employer. . . ." p. 359. Since conclusive proof was absent we held that a petition for reinstatement of compensation filed after the two year limitation period was barred.