Sarah E. Palmer, Widow of Roy I. Palmer, Deceased, Appellant, *v.* City of Pittsburgh and Workmen's Compensation Appeal Board.

Argued May 10, 1973, before Judges KRAMER, MEN-CER and BLATT, sitting as a panel of three.

*Leonard A. Costa, Jr.*, for appellant.

*Bernice Hummert*, Assistant City Solicitor, with her *Ralph Lynch*, City Solicitor, for appellee.

OPINION BY JUDGE BLATT, July 24, 1973:

In the early morning hours of June 28, 1964, and before the end of his duty period, Roy Palmer, a fire-man for the City of Pittsburgh (City), was discovered lying on the sidewalk across the street from the fire-

house to which he was assigned. He was taken to the hospital and he died there on June 29, 1964, having suffered a massive intracranial subdural hemorrhage due to a fracture of the skull, a fracture of the eleventh thoracic vertebra, a crushed spinal cord and multiple fractures of the ribs. Palmer had come on duty in the early evening of June 27 and was to be on duty throughout that evening and during the night until early morning on June 28. There was testimony that he and other firemen frequently sat on the porch or steps of the house across the street when they were on duty, and that he had so visited those premises at least once on the night in question. There was nothing in the record to indicate, however, when or if he had returned to the firehouse after the last such visit.

Soon after Palmer's death, his widow, Sarah E. Palmer (claimant), consulted Captain George Fyfe, the Captain in charge of the firehouse where Palmer was stationed, as to her compensation rights. Captain Fyfe informed her that he did not believe she had a claim, but that he would check with his superior. Thereafter Captain Fyfe arranged for her to talk with Chief Stephen Adley of the City's Bureau of Fire, who likewise told her that he did not believe she was entitled to any compensation. She also spoke to an employee of the City's Law Offices, whose duties included the processing of workmen's compensation claims, and was again informed that she was not entitled to any benefits. She took no further action then until November 20, 1970, when she filed a Fatal Claim Petition, seeking benefits pursuant to The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P. L. 736, 77 P.S. §1 et seq.

Following a hearing, the referee ruled in favor of the claimant and awarded her benefits. On appeal, the Workmen's Compensation Appeal Board (Board), which did not take any additional evidence, sustained

the appeal and denied compensation. In its Order, dated September 28, 1972, the Board held not only that Palmer was not within the scope of his employment when his injuries occurred but that, in any case, the Claim Petition was barred because it was not filed within sixteen months of Palmer's death.

Our scope of review in workmen's compensation cases is limited to a determination as to whether or not constitutional rights were violated, an error of law was committed, or any necessary finding of fact was unsupported by substantial evidence. *Arnold Coal & Supply Co., Inc. v. Markle,* 8 Pa. Commonwealth Ct. 107, 300 A. 2d 916 (1973); *Bayuk Cigar Company v. Hawn,* 8 Pa. Commonwealth Ct. 45, 300 A. 2d 837 (1973). And where, as here, the Board has taken no additional evidence, we must rely on the facts as found by the referee if they are supported by sufficient competent evidence. *Universal Cyclops Steel Corporation v. Krawczynski,* 9 Pa. Commonwealth Ct. 176, 305 A. 2d 757 (1973).

We shall first consider, therefore, whether or not the Claim Petition was properly filed. Both at the time of the accident and at the time of the Petition's filing,[1] Section 315 of the Workmen's Compensation Act, 77 P.S. §602, provided, *inter alia,* as follows: "In cases of death all claims for compensation shall be forever barred, unless, within sixteen months after the death, the parties shall have agreed upon the compensation under this article; or unless, within sixteen months after the death, one of the parties shall have filed a petition as provided in article four hereof."

_____
[1] Section 315 has subsequently been amended by the Act of Feb. 8, 1972, P. L.    , No. 12; the Act of March 29, 1972, P. L.    , No. 61; and the Act of Oct. 17, 1972, P. L.    , No. 223. The only change relevant to this case is that the limitation period has been extended to two years. Our decision herein would not be affected even if such amendment were here applicable.

There is no doubt, of course, that the claimant did not file her Petition within sixteen months of her husband's death. In fact, the Petition was not filed until over six years had elapsed. The claimant contends, however, that she was misled as to her compensation rights by employees of the City and that the City should now be estopped from asserting the sixteen-month limitation period.

The applicable law on this issue has been stated in *Thorn v. Strawbridge & Clothier*, 191 Pa. Superior Ct. 59, 155 A. 2d 414 (1959), as follows:

"The legislature made the filing of the claim petition within the specified time an express condition of the right to obtain an award of compensation, and intended that the failure so to do should operate as an absolute bar of the right. Ratto v. Pennsylvania Coal Co., 102 Pa. Superior Ct. 242, 247, 156 A. 749 (1931); Lewis v. Carnegie-Ill. Steel Corp., 159 Pa. Superior Ct. 226, 229, 48 A. 2d 120 (1946).

"The courts may not extend the period ex gratia in aid of a meritorious claim or to relieve against the hardship of particular circumstances. Lewis v. Carnegie-Ill. Steel Corp., supra; Mackanitz v. Pittsburgh & West Va. Rwy. Co., 157 Pa. Superior Ct. 359, 364, 43 A. 2d 586 (1945).

"However, *the courts can permit a claim to be filed after the time prescribed in the statute if fraud or its equivalent is shown,* which in this connection includes an unintentional deception. The evidence to support such a claim must be clear and precise, more than of doubtful weight. Rowles v. State Workmen's Ins. Fund, 141 Pa. Superior Ct. 193, 200, 14 A. 2d 551 (1940). If a person is deceived, even unintentionally, as to his rights by one who has authority to act in the premises, courts will not ordinarily permit such deception to work an injury to the innocent party. Guy v. Stoecklin Baking Co., 133 Pa. Superior Ct. 38, 47, 1 A. 2d 839

(1938)." (Emphasis added.) 191 Pa. Superior Ct. at 61-62, 155 A. 2d at 416.

Virtually all of the cases, in which the courts have permitted a claimant to file a Petition subsequent to the period of limitation set in Section 315 of the Act, have involved situations in which the employer's actions or statements had lulled the claimant into a false sense of security as to the claim. The claimant was led in each case to believe that his claim would be taken care of by the employer and that there was no need for any immediate or further action on his part. *See Iswaskewycz v. United States Steel Corporation*, 7 Pa. Commonwealth Ct. 211, 298 A. 2d 62 (1972); *Angermier v. Hubley Manufacturing Co.*, 206 Pa. Superior Ct. 422, 213 A. 2d 171 (1965); *Blackburn v. Pennsylvania Turnpike Commission*, 206 Pa. Superior Ct. 222, 213 A. 2d 159 (1965); *Herringshaw v. Travelers Aid Society*, 206 Pa. Superior Ct. 219, 212 A. 2d 914 (1965); *Behanna v. Meyers*, 163 Pa. Superior Ct. 200, 60 A. 2d 608 (1948); *Guy v. Stoecklein Baking Company*, 133 Pa. Superior Ct. 38, 1 A. 2d 839( 1938). The Superior Court has in fact stated that "[a] review of the cases in which the defendant has been estopped to avail itself of the limitations provision of §315 reveals that the statements relied on must reasonably lull the claimant into a sense of false security." *Fulton v. Philadelphia Rustproof Co.*, 200 Pa. Superior Ct. 467, 470-471, 190 A. 2d 459, 461 (1963).

Notwithstanding the language quoted from *Fulton, supra*, we might agree with the claimant here that there could be situations in which a claimant might not actually be lulled into a false sense of security as to the validity of his claim, but where, because of misleading actions or statements on the part of a trusted employer as to the invalidity of the claim, a claim petition would not be timely filed. In such a situation, we believe that such an employer might well be estopped

from pleading the limitation period of Section 315. Despite the claimant's urging here, however, we do not believe that such a situation existed in this particular case.

Neither an employer nor its insurance carrier may mislead an injured employee, but there is no affirmative duty imposed upon either or both of them to advise the claimant of his rights. *Dennis v. E. J. Lavino & Company*, 203 Pa. Superior Ct. 357, 201 A. 2d 276 (1964). And there is no greater duty for a public employer in such matters than there is for a private employer. Moreover, informing a claimant from the beginning that he has no claim or that his claim will not be paid is not in itself deceptive or misleading conduct on the part of the employer. *Fulton, supra.* The information here furnished this claimant by the City clearly did not constitute the showing of such "fraud or its equivalent" as would be necesary to permit the filing of a Claim Petition after the expiration of the time prescribed in Section 315 of the Act.

In any case, the claimant's petition would still not have been timely filed. The last allegedly misleading statement made to the claimant was made in the latter part of July of 1964, yet the Claim Petition was not filed until over six years later, November 20, 1970. If, because of "fraud or its equivalent," a claimant is to be permitted to file his Petition after the expiration of the sixteen-month limitation period, he clearly does not have an indefinite period of time in which to do so. "The legislature thought that one year [at that time the length of the limitation period] was a reasonable time within which to bring such actions and under the circumstances we think that that same limitation should be applied to run from the date of the conversation between the claimant and the officer of the defendant company." *Guy v. Stoecklein, supra*, 133 Pa. Superior Ct. at 50, 1 A. 2d at 844. To the same effect, *see*

*Mucha v. M. L. Bayard & Company, Inc.,* 177 Pa. Superior Ct. 138, 108 A. 2d 925 (1954). Certainly then, if the claimant was to have an extended period in which to file her claim, it could not have lasted more than sixteen months from the date of her last conversation with an employee of the City on the subject of compensation.

The claimant not having filed her claim within sixteen months as required by Section 315 of the Act, the Board was correct in holding that her claim was thus barred. And, because of our determination on this issue, we need not consider whether or not Palmer was in the course of his employment when he was injured. We, therefore, issue the following

#### ORDER

Now, July 24, 1973, the order of the Workmen's Compensation Appeal Board dismissing the Claim Petition of Sarah E. Palmer is hereby affirmed.