Lucas Kushner, Appellant, *v.* Strick Trailer
Company and Continental Casualty Co.,
Appellees.

Argued October 5, 1973, before Judges KRAMER,
ROGERS and BLATT, sitting as a panel of three.

*James E. Colleran,* with him *Beasley, Hewson,
Casey, Kraft & Colleran,* for appellant.

*David L. Pennington,* with him *Harvey, Pennington, Herting & Renneisen, Ltd.,* for appellee.

OPINION BY JUDGE ROGERS, November 8, 1973:

Lucas Kushner was injured in his employment by Strick Trailer Company on February 16, 1962. He was paid workmen's compensation benefits for total disability under an agreement until September 16, 1962 when he executed a final receipt and returned to work. On June 16, 1964, Mr. Kushner suffered a recurrence of symptoms from the injuries sustained on February 16, 1962 and underwent surgery. While in the hospital he instructed his wife to obtain from Strick the forms necessary to reinstate his workmen's compensation. Mrs. Kushner was advised by a clerk in Strick's personnel office that her husband was not entitled to additional workmen's compensation. Strick sent the Kushners an application for sick benefits under a company plan. Mr. Kushner, realizing that these were not applications for workmen's compensation, directed his wife to again request forms for application for workmen's compensation. Again the personnel clerk advised Mrs. Kushner that her husband was not entitled to workmen's compensation but that he could obtain sick benefits. Mr. Kushner then applied for sick benefits and received payments on this account for thirty months. His disability continuing, Mr. Kushner filed a petition to reinstate the original compensation agreement on November 21, 1966, a date four years and two months after he executed a final receipt, and two years and five months after he and his wife had been in communication with Strick concerning reinstatement of compensation.

The compensation authorities properly treated the claimant's application as a petition to set aside a final receipt. The employer and its carrier defended on the ground that the petition was not timely filed. The ref-

eree concluded that the bar of the statute had been removed by the employer's representations of ineligibility in June 1964 and awarded compensation. The Workmen's Compensation Board reversed and the court below affirmed the Board. We affirm the court.

The time for filing a petition to set aside a final receipt is found at Section 434[1] of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P. L. 736, as amended, 77 P.S. §1001: "A final receipt, given by an employe or dependent entitled to compensation under a compensation agreement or award, shall be prima facie evidence of the termination of the employer's liability to pay compensation under such agreement, notice or award: Provided, however, that the board or a referee designated by the board may, at any time within two years from the date to which payments have been made, set aside a final receipt upon petition filed with the board if it be conclusively proved that all disability due to the accident in fact had not terminated."

Obviously, Mr. Kushner's application filed in November 1966 was too late if the two year period commenced to run when he executed the receipt in September 1962. He contends, however, that the representations of the employer by its clerk in June 1964 should estop the employer from pleading the two year limitation. He relies on the cases of *Guy v. Stoecklein Baking Company*, 133 Pa. Superior Ct. 38, 1 A. 2d 839 (1938); *Rowles v. State Workmen's Insurance Fund*, 141 Pa. Superior Ct. 193, 14 A. 2d 551 (1940); *Angermier v. Hubley Manufacturing Company*, 206 Pa. Superior Ct. 422, 213 A. 2d 171 (1972); and *Iwaskewycz v. United States Steel Corporation*, 7 Pa. Commonwealth Ct. 211, 298 A. 2d 62 (1972). These authorities,

---

[1] Here quoted as unamended by the Acts of February 8, 1972, P. L.    , No. 12 and of March 29, 1972, P. L.    , No. 61.

however, hold only that the employer may not plead the statutory limitation where it has intentionally or unintentionally caused the employe to believe that compensation would be paid and that he, the employe, need not pursue the claim. *See also, Palmer v. City of Pittsburgh and Workmen's Compensation Appeal Board,* 9 Pa. Commonwealth Ct. 526, 308 A. 2d 179 (1973).

Further, Mr. Kushner did not file his petition until more than two years after the employer's activities which he contends extended the two year limitation. *Mucha v. Bayard & Co., Inc.,* 177 Pa. Superior Ct. 138, 108 A. 2d 925 (1954) holds that where the declarations and conduct of the employer should estop the employer, the claimant must nevertheless file within the statutory time limitation after the declarations or conduct relied upon.

Affirmed.