Peter Tarnoski, Appellant, *v.* Kanarr Corporation and Pennsylvania Manufacturers' Association Insurance Co., Insurance Carrier, Appellees.

Argued January 10, 1974, before Judges CRUMLISH, JR., MENCER and BLATT, sitting as a panel of three.

*Joseph C. Giebus,* for appellant.

*James P. Harris, Jr.,* with him *John H. Kennedy* and *Harris, Johnston & Maguire,* for appellees.

OPINION BY JUDGE CRUMLISH, JR., March 27, 1974:
This is an appeal by a claimant from an order of the Court of Common Pleas of Luzerne County which sus-

tained a dismissal of his claim petition by the Workmen's Compensation Appeal Board (Board) as not filed within the time specified by Section 315 of the Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P. L. 736, as amended, 77 P.S. §602.

On February 19, 1966, Peter Tarnoski (Appellant) sustained an injury to his right eye while in the regular course of his employment as a millwright in the Walben division of the Kanarr Corporation( Appellee). This accident, which occurred as Appellant was blowing metal scrap chips from a machine cutter, was immediately reported to supervisory personnel of Appellee. At his employer's behest, Appellant submitted to medical examinations by a physician retained by Appellee on March 26, 1966, April 26, 1966, May 24, 1966, and December 21, 1967.[1] At this last examination, it was determined that the injured eye had developed a cataract, leaving Appellant blind in one eye for all practical purposes.

Appellant filed the instant specific loss claim petition on August 4, 1969. By way of answer to this petition, Appellee interposed a defense of the sixteen month statute of limitation then applicable under Section 315 of the Workmen's Compensation Act.[2] After a hearing at which only the Appellant testified, the Referee granted compensation upon a finding that Appellee was estopped from asserting the statute of limitations because

---

[1] Although the record compiled before the Referee and Board does not reveal the dates of these examinations, the parties have stipulated in the court below as to their accuracy.

[2] Section 315 then provided in pertinent part: "In any case of personal injury all claims for compensation shall be forever barred, unless, within sixteen months after the accident the parties shall have agreed upon the compensation payable under this Article; or unless within sixteen months after the accident, one of the parties shall have filed a petition as provided in Article four hereof." 77 P.S. §602.

it had unintentionally lulled Appellant into a false sense of security by not informing claimant of the loss of his eye. On December 7, 1971, the Board reversed, dismissing the petition as not timely filed. The basis of its decision is best expressed by the following excerpt from the Board's opinion: "It is clear from the record that Tarnoski is relying upon the physical examination to establish the unintentional deception which lured him into his sense of security. There is no evidence of any conversation or actions on the part of the defendant or its employees which would establish the grounds for estoppel. Assuming, ad arguendum, that the physical examinations did constitute a basis for tolling the statute of limitations, this case, nevertheless, is governed by the principles set forth in Mucha v. M. L. Bayard & Co., 177 Pa. Superior Ct. 138, 108 A. 2d 925 (1954). Mucha holds that though an employer's actions may act as an estoppel to plead the limitation, such actions or promises amounting to estoppel do not indefinitely extend the time within which to file a claim petition and the claimant must file the petition within the limitation from the time of the declarations or conduct relied upon. Here, Tarnoski was examined by Dr. Aicher on May 24, 1966. In the subsequent 16 months from that date, there is no evidence to establish any further conduct or actions to support an estoppel, thus the extended time for filing the claim petition would have expired September 24, 1967. Events occurring after that date are of no consequence because the right to file any remedy had perished as of that date."

We must agree with the Board and the court below that Appellant's petition was not filed within the time framework of Section 315 and is now barred. The applicable law on this provision was recently summarized by this Court, per Judge BLATT, in *Palmer v. City of Pittsburgh and Workmen's Compensation Appeal Board*, 9 Pa. Commonwealth Ct. 526, 308 A. 2d 179

(1973), and the circumstances of this case do not warrant a reiteration of our discussion there. Suffice it to say that, had the record here been sufficient to sustain Appellant's burden of proving conduct of Appellee which lulled him into a false sense of security, the petition was still not filed within sixteen months of the date of the last allegedly misleading conduct or declaration of his employer.

Having undertaken an examination or treatment of Appellant's injury, Appellee may well have been under an obligation to notify him of its attitude toward a potential compensation claim. *See Angermier v. Hubley Manufacturing Co.,* 206 Pa. Superior Ct. 422, 213 A. 2d 171 (1965) ; *Meyers v. Lehigh Valley Transportation Co.,* 138 Pa. Superior Ct. 569, 10 A. 2d 879 (1940).[3] A breach of that duty, however, did not indefinitely toll the applicable statute of limitation. In such a situation, the sixteen month limitation period is deemed to run from the time of the last conduct or declarations of the employer which lulled the claimant into a false sense of security. *Kushner v. Strick Trailer Company,* 10 Pa. Commonwealth Ct. 518, 312 A. 2d 471 (1973) ; *Palmer v. City of Pittsburgh and Workmen's Compensation Appeal Board, supra; Guy v. Stoecklein Baking*

---

[3] In *Angermier v. Hubley Manufacturing Co., supra,* the Superior Court quoted with approval the following passage from Vol. 1 Skinner, Pennsylvania Workmen's Compensation Law, 1964, Supplement, p. 85: "Where a claimant at the request of the insurer submits to a physical examination by the insurer's physician, the insurer is under a duty to seasonably notify him of its attitude toward his claim, and if it fails to do so until after the statutory period for filing a claim petition has run, it will be estopped from asserting that it is too late." (206 Pa. Superior Ct. at 426, 213 A. 2d at 173.)

We note, however, that in both *Angermier* and *Meyers* the claimant ultimately filed a petition within one year of the last examination, thus satisfying the extended statute of limitation there applicable.

*Co.,* 133 Pa. Superior Ct. 38, 1 A. 2d 839 (1938). Thus, even had the record established sufficient circumstances surrounding the May 24, 1966 medical examination by Appellee's physician of Appellant to warrant a tolling of the statute of limitations, the extended period for filing a claim lapsed sixteen months thereafter, or on September 24, 1967. Appellant regrettably did not file a petition until August 4, 1969. Moreover, Appellee's re-examination of Appellant on December 21, 1967, is of no legal significance as his right to file a petition had terminated before that date, and could not be revived by any misleading conduct or declarations of his employer thereafter. *Mucha v. M. L. Bayard & Company, Inc.,* 177 Pa. Superior Ct. 138, 108 A. 2d 925 (1954).

For the foregoing reasons, the decision of the court below must be sustained.

Affirmed.