Frank Helstrom, Petitioner *v.* Commonwealth of
Pennsylvania, Workmen's Compensation Appeal
Board and Bucks County Community College,
Respondents.

Argued March 5, 1979, before Judges CRUMLISH,
JR., ROGERS and MACPHAIL, sitting as a panel of three.

*Harold F. Kaufman,* for petitioner.

*Ronald F. Bové,* with him *Swartz, Campbell & Detweiler,* for respondents.

OPINION BY JUDGE MACPHAIL, May 30, 1979:

Frank Helstrom (Petitioner) brings this appeal from a decision of the Workmen's Compensation Appeal Board (Board) reversing a referee's decision which had granted workmen's compensation benefits to Petitioner. The only issue presented for our consideration is whether Petitioner's claim was barred by the statute of limitations found in Section 315 of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, as amended, 77 P.S. §602 (Act). We hold that the claim was barred and, accordingly, we affirm.

There is no dispute as to the facts of this case. Petitioner sustained a work-related injury to his right eye while working for Bucks County Community College (Employer) on January 14, 1971. The injury resulted in the total loss of vision in the eye. Following Petitioner's accident, he was hospitalized and missed approximately two weeks of work. During this two week period, Employer paid Petitioner his full wages even though Petitioner performed no work for Employer. In February, 1971, Petitioner was hospitalized for two days because of the work-related injury. Again, Employer paid Petitioner his full wages for those two days. Petitioner was not hospitalized again because of the injury until April, 1974, when he underwent further surgery on the eye. At that time, he was absent from work for two weeks during which time Employer paid him his full wages. On September 20, 1974, Petitioner filed a petition to recover specific loss benefits because of the work-related injury. The parties agree that if Petitioner is entitled to benefits he should receive $60.00 per week.

Section 315 of the Act as it applies to this case provided that:

In cases of personal injury all claims for compensation shall be forever barred, unless, within two years after the accident, the parties shall have agreed upon the compensation payable under this article; or unless within two years after the accident, one of the parties shall have filed a petition as provided in article four hereof. . . . Where, however, payments of compensation have been made in any case, said limitations shall not take effect until the expiration of two years from the time of the making of the most recent payment prior to date of filing such petitions : . . .

77 P.S. §602.[1] Because Petitioner was injured on January 14, 1971 he originally had until January 14, 1973 to file a compensation petition. Employer's payment of compensation to Petitioner in February, 1971, extended the claim period to, at the latest, February 28, 1973.[2] The Employer argues that Petitioner's right to workmen's compensation benefits expired on February 28, 1973. Petitioner argues that the additional compensation paid by Employer in April, 1974, revived his right to file for benefits and that he had two years from that date to do so. The Board's interpretation of Section 315 is correct.

Our Courts have repeatedly held that :

---

[1] At the time of Petitioner's injury the applicable statute of limitations was 16 months. By the Act of February 8, 1972, P.L. 25, §2, (quoted above), however, the limitation period was raised to two years. This expanded time period applies to the present case. Subsequent to the institution of this suit the statute of limitations was increased to three years by the Act of December 5, 1974, P.L. 782, §13. The three year limitation period is not applicable here.

[2] No specific date appears on the record relating to when the February, 1971, compensation was paid. For the purposes of this appeal, we will give Petitioner the benefit of the doubt and assume that the last compensation payment was made on February 28, 1971.

The legislature made the filing of the claim petition within the specified time an express condition of the right to obtain an award of compensation, and intended that the *failure so to do should operate as an absolute bar of the right.* (Emphasis added.)

*Thorn v. Strawbridge & Clothier,* 191 Pa. Superior Ct. 59, 61-62, 155 A.2d 414, 416 (1959). Section 315 is not a pure statute of limitations, but rather is a statute of repose; when the limitation period expires, the right *and* the remedy sought to be pursued are extinguished. *Segal v. Segal,* 201 Pa. Superior Ct. 367, 370, 191 A.2d 858, 860 (1963); *Ratto v. Pennsylvania Coal Co.,* 102 Pa. Superior Ct. 242, 156 A. 749 (1931). The right to file a claim petition may be extended in certain situations. For example, if an employer lulls an employee into a false sense of security which prevents the timely filing of a claim, the time period may be extended beyond the date of the employer's actions or conduct upon which the employer relied. *See, Tarnoski v. Kanarr Corp.,* 12 Pa. Commonwealth Ct. 488, 317 A.2d 904 (1974). Section 315, itself, provides for an extension of time for filing a petition for compensation when an employer pays an employee compensation in lieu of wages after a work-related injury. In neither instance, however, is the time period extended indefinitely. Time is of the essence in filing a claim petition. If the petition is not filed within the applicable statute of limitations following the action which extended the original limitation period (here, two years after the compensation paid to Petitioner in February, 1971), the claim is forever barred. *Tarnoski v. Kanarr Corp.,* 12 Pa. Commonwealth Ct. at 491-92, 317 A.2d at 905-06; *Lewis v. Carnegie-Illinois Steel Corp.,* 159 Pa. Superior Ct. 226, 228-29, 48 A.2d 120, 122 (1946).

Petitioner, in arguing that the April, 1974 compensation payment revived his right to receive workmen's

compensation benefits, relies on the decision in *Schrecengost v. O.K. Heilman Trucking Co.*, 174 Pa. Superior Ct. 299, 101 A.2d 417 (1953), *allocatur refused,* 174 Pa. Superior Ct. xxvii. Although we agree with Petitioner that *Schrecengost* is factually on point with the case before us, we do not find it controlling. In *Schrecengost,* the claimant suffered a work-related injury in October, 1941. He did not file a claim until June 27, 1944, long after the expiration of the then one year statute of limitations provided by Section 315. The issue addressed by the *Schrecengost* Court was whether payments made by the employer amounted to compensation rather than wages. *The Court did not address the issue of the statute of limitations.* In fact, neither party has pointed to nor have we found any other case dealing with the issue presented here.

Petitioner also relies on the decision in *Hickey v. Cudahy Packing Co.*, 153 Pa. Superior Ct. 45, 33 A.2d 285 (1943). That case is clearly inapposite. There, claimant was injured on January 17, 1938. Although he did not file his claim petition until March 7, 1940, he had been paid compensation by his employer during July, August, and September of 1939. The compensation was paid during the original limitation period and claimant's petition was timely filed during the extended period.

The result we reach here is unfortunate for Petitioner. We can only repeat, however, the prevailing rule of law in Pennsylvania in cases of this type: "The courts may not extend the period [for filing compensation claims] ex gratia in aid of a meritorious claim or to relieve against the hardship of particular circumstances." *Thorn v. Strawbridge & Clothier,* 191 Pa. Superior Ct. at 62, 155 A.2d at 416. Petitioner failed to file his workmen's compensation claim in a timely manner so his claim must be forever barred.

Order affirmed.

118

ORDER

AND Now, this 30th day of May, 1979, the order of the Workmen's Compensation Appeal Board, dated March 16, 1978, is affirmed.