Nicholas Taglianetti, Deceased, by Grace, His Widow, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Hospital of the University of Pennsylvania, Respondents.

Argued November 20, 1981, before Judges WILLIAMS, JR., MACPHAIL and PALLADINO, sitting as a panel of three.

*Carl M. Mazzocone*, with him *Lawrence, Hannaway, Kates, Livesey & Mazzocone, P.C.*, for petitioner.

*Stephen J. Harlen, Swartz, Campbell & Detweiler*, for respondent, Hospital of the University of Pennsylvania.

OPINION BY JUDGE PALLADINO, December 29, 1981:

Claimant-widow appeals an order of the Workmen's Compensation Appeal Board (Board) which affirmed a referee's decision dismissing her fatal claim petition pursuant to Section 315 of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §602. We affirm the order of the Board.

Almost six years after the death of her husband,[1] Claimant filed a fatal claim petition, alleging that her claim should not be barred as untimely because her husband's employer had misled her regarding her potential right to death benefits.

In workmen's compensation cases "the claimant has the burden of establishing the right to compensation and all of the elements necessary to support an award." *Halaski v. Hilton Hotel,* 487 Pa. 313, 317, 409 A.2d 367, 369 (1979). "[I]n order for the claimant to avail herself of estoppel under the Act, she must prove that the statements [of the employer] relied on must have reasonably lulled her into a false sense of security *as to her claim*." *Workmen's Compensation Appeal Board v. Niemann,* 24 Pa. Commonwealth Ct. 377, 383, 356 A.2d 370, 373 (1976) (emphasis in original). Where, as here, the party with the burden of proof did not prevail below, this Court's scope of review consists of determining whether the factual findings are consistent with each other and with the conclusions of law and can be sustained without a capricious disregard of competent evidence. *Republic Steel Corp. v. Workmen's Compensation Appeal Board,* 56 Pa. Commonwealth Ct. 57, 423 A.2d 1142 (1981).

---

[1] Claimant's husband died on April 11, 1973, but Claimant did not file a petition for death benefits until April 3, 1979.

While, as Claimant maintains, the Act is to be liberally construed, legislative intent expressed in unambiguous language cannot be avoided. *Dumas v. Workmen's Compensation Appeal Board,* 55 Pa. Commonwealth Ct. 459, 423 A.2d 476 (1980). Section 315 of the Act unequivocally bars all fatal claim petitions which have not been filed within three years after the employe's death.[2] "The courts may not extend the period [for filing] ex gratia in aid of a meritorious claim or to relieve against the hardship of particular circumstances." *Fulton v. Philadelphia Rustproof Co.,* 200 Pa. Superior Ct. 467, 469, 190 A.2d 459, 460 (1963).

Nevertheless, when an employer has deceived a claimant, and thus delayed the initiation of a claim, the employer is estopped from asserting as a defense the claimant's belated pursuance of his rights. *Helstrom v. Workmen's Compensation Appeal Board,* 43 Pa. Commonwealth Ct. 113, 401 A.2d 882 (1979); *Landis v. Workmen's Compensation Appeal Board,* 29 Pa. Commonwealth Ct. 227, 370 A.2d 412 (1977); *Kushner v. Strick Trailer Co.,* 10 Pa. Commonwealth Ct. 518, 312 A.2d 471 (1973).

Deception occurs where a claimant is reasonably lulled into a false sense of security, and resultant inaction, by representations of the employer that all

---

[2] Section 315 of the Act states in pertinent part: "In cases of death all claims for compensation shall be forever barred, unless within three years after the death, the parties shall have agreed upon the compensation under this article; or unless, within three years after the death, one of the parties shall have filed a petition. . . ."

"Section 315 is not a pure statute of limitations, but rather is a statute of repose; when the limitation period expires, the right *and* the remedy sought to be pursued are extinguished." *Helstrom v. Workmen's Compensation Appeal Board,* 43 Pa. Commonwealth Ct. 113, 116, 401 A.2d 882, 884 (1979).

necessary efforts are being made to preserve the claimant's rights and process his request for compensation. *Landis; Niemann; Workmen's Compensation Appeal Board v. Rudolph,* 19 Pa. Commonwealth Ct. 625, 339 A.2d 128 (1975).

Even where an employer unintentionally misleads a claimant and thereby induces reliance and passivity, the employer is estopped from raising the claimant's inopportune filing as a defense. *M. Gordon & Sons, Inc. v. Workmen's Compensation Appeal Board,* 14 Pa. Commonwealth Ct. 288, 321 A.2d 396 (1974); *Fulton.*

However, when an employer merely informs a claimant at the outset that the claimant does not have a viable claim or that the employer will not honor the claimant's demands, the employer's behavior does not constitute fraudulent conduct which instills a false sense of security, and thus, the employer may assert laches as a defense. *Palmer v. City of Pittsburgh,* 9 Pa. Commonwealth Ct. 526, 308 A.2d 179 (1973); *Fulton.* The Act does not place on an employer the affirmative duty of advising a claimant of his rights. *Niemann; Palmer.*

Moreover, where a claimant has been deceived by the employer so that the claimant did not opportunely file a petition for compensation, the statutory time limitation for filing begins to run from the date of the employer's last misleading statement upon which the claimant relied. *Tulay v. General Foam Corp.,* 40 Pa. Commonwealth Ct. 229, 397 A.2d 45 (1979); *M. Gordon & Sons, Inc.; Tarnoski v. Kanarr Corp.,* 12 Pa. Commonwealth Ct. 488, 317 A.2d 904 (1974); *Strick Trailer Co.*

In the present case Claimant testified that after her husband's demise in April of 1973, she telephoned her husband's employer in May of 1973 and in July

of 1973, to ask if she were entitled to any compensation in addition to the back wages which were due her husband and which were promptly paid to Claimant upon her husband's death. On both occasions Claimant stated that the employer's representatives informed her there were no other available benefits. Claimant averred that she first became aware of her potential right to compensation after reading a topical newspaper article in 1978 and that subsequently, she again contacted her husband's employer.

Where, as here, Claimant has been confused about her rights but has not been lulled into a false sense of security by statements of the employer, Claimant's petition is barred as untimely filed. *Workmen's Compensation Appeal Board v. Popatek*, 18 Pa. Commonwealth Ct. 158, 334 A.2d 317 (1975); *Palmer*. Even if there were evidence proving that Claimant was defrauded by the employer, Claimant's petition would still be barred because it was not filed within three years (Section 315 time limit) after the employer's alleged deceptive statements during the telephone conversation in July of 1973. *M. Gordon & Sons, Inc.* The fact that Claimant spoke with the employer in 1978 neither revives nor extends the statutory filing period for Claimant because Claimant's right to file a petition expired during the more than three-year lapse of time between her July, 1973, telephone conversation with the employer and her 1978 discussion with the employer. *Mucha v. M. L. Bayard & Co.,* 177 Pa. Superior Ct. 138, 108 A.2d 925 (1954).

Accordingly, we enter the following

ORDER

AND Now, December 29, 1981, the order of the Workmen's Compensation Appeal Board, Docket No. A-79501, is affirmed.