## Workmen's Compensation Appeal Board and City of Pittsburgh, Appellees, *v.* Victor Popatek, Appellant.

Argued February 7, 1975, before Judges KRAMER, ROGERS and BLATT, sitting as a panel of three.

*S. W. Elovitz,* with him *Lipsitz, Nassau, Schwartz & Evans,* for appellant.

*Bernice Hummert,* Assistant City Solicitor, with her *James N. Diefenderfer,* for appellees.

OPINION BY JUDGE KRAMER, March 25, 1975:

This is an appeal by Victor Popatek (Popatek) from an order of the Workmen's Compensation Appeal Board (Board), dated June 27, 1974, which affirmed the referee's dismissal of Popatek's claim for workmen's compensation.

Popatek was employed by the City of Pittsburgh (City), as a skilled laborer, when on March 11, 1971, he slipped on a curb and injured his knee. Popatek filed a claim for workmen's compensation on June 7, 1973. The City filed an answer alleging that Popatek's claim is barred by the statute of limitations.[1] A hearing was held before a referee on December 20, 1973, and on that same day the referee dismissed Popatek's claim, holding that it was barred by the statute of limitations. Popatek appealed to the Board, which affirmed the referee's dismissal.

In his appeal to this Court, Popatek contends that the City lulled him into a false sense of security and, therefore, it should not be permitted to raise the bar of the statute of limitations. *See* M. Gordon & Sons, Inc. v. Workmen's Compensation Appeal Board, 14 Pa. Commonwealth Ct. 288, 321 A. 2d 396 (1974).

We have carefully reviewed the record in this case, and we find no merit in Popatek's contention. The record indicates that Popatek may have been confused about his rights, and that he may have made an ineffective attempt to file a claim for compensation, but there is absolutely nothing in this record which would indicate that the City in any way misled Popatek or in any way

---

1. *See* section 315 of the Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §602 (Supp. 1974-1975). At the time of Popatek's accident the applicable statute of limitations was sixteen months, but since that time section 315 has been amended to provide for a two-year statute of limitations. Popatek's claim was filed approximately 27 months after his accident.

lulled him into a false sense of security. The Board correctly concluded that Popatek's claim is barred by the statute of limitations and we must affirm. We therefore

ORDER

AND NOW, this 25th day of March, 1975, the order of the Workmen's Compensation Appeal Board, dated June 27, 1974, dismissing the claim petition of Victor Popatek, is hereby affirmed.