In the Matter of the Claim of JOHN A. WHALEN, Respondent, v. ALLIED MESSENGER SERVICE et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, December 2, 1960.

*Eugene O'Leary* for Continental Casualty Co., appellant.

*Louis J. Lefkowitz, Attorney-General* (*John J. Quinn* and *Roy Wiedersum* of counsel), for Workmen's Compensation Board, respondent.

*John A. Whalen,* claimant-respondent in person.

HERLIHY, J. The claimant, an employee of the employer, ceased work on *May 8, 1957* and was disabled until August 1, 1957. A notice of proof of claim for disability benefits was filed *May 3, 1958,* claimant stating that he was unaware of his rights to benefits during his illness. The employer by letter, dated September 29, 1958, stated it intended to supply the necessary forms at the time of the claimant's discontinuance of employment due to a nonoccupational heart condition but its supply was exhausted and it thereafter failed to furnish them to claimant. However, no representations were made to the claimant at the time he stopped work. If any representations, by word or conduct, had been made by the employer at the time of his cessation of work or within the 26-week period and it was shown that as a result thereof the claimant believed his claim to be properly processed and relied upon such representations, we would have a more serious problem as to the doctrine of estoppel. (*Matter of O'Esau* v. *Bliss Co.,* 188 App. Div. 385.)

In *Wilmore* v. *Flack* (96 N. Y. 512) the court said at page 520: " At the bottom of an estoppel lies either a fraud or something which operates as such. Here there was none, but simply an honest mistake ".

The board determined that the employer was estopped from raising the issue for failure to file within the required 26 weeks.

Subdivision 1 of section 217 of the Workmen's Compensation Law and captioned " Notice and proof of claim " mandated that a written notice of disability shall be furnished to *employer* within 15 days and proof of disability, including attending physician's statement of facts and opinions as to disability, shall be furnished the *employer* within 20 days after commencement thereof. Failure to so file shall not invalidate a claim if it is shown it was not reasonably possible to so comply. Thereafter the statute states " provided, however, that no benefits shall be paid unless the required proof of disability is furnished within twenty-six weeks after commencement of the period of disability."

The claim here was originally disallowed by the Referee for failure to file within 26 weeks. Thereafter the letter of the employer, hereinbefore mentioned, was filed and upon review by the board it was determined that the employer was estopped

from raising the issue of late filing. It was referred to the Chairman who found that the claimant had shown it was not reasonably possible to furnish written notice of claim and proof of claim within the time prescribed and that such notice or proof was furnished as soon as possible. Thereafter the Referee made an award for the period of disability and on further review the board affirmed, adhering to its prior decision of estoppel presumably based upon the letter of the employer in which it admitted knowledge of claimant's discontinuance of employment because of disability.

The decision of the board must be reversed and the claim dismissed. The board's finding that the employer was estopped as a result of the letter in which it admitted knowledge of the disability was error. Subdivision 1 of section 217 required no affirmative act on the part of the employer. There is no obligation imposed upon the employer to furnish the necessary forms and if, as a matter of convenience, they are supplied, that act does not alter the necessity of the affirmative action of filing a notice of claim by the claimant. The requirement that proof be submitted to the employer is in essence a requirement of filing a claim against the employer and is a prerequisite to any relief afforded by the statute. Such a requirement is not arbitrary.

The disability insurance law is statutory and not derivative from the common law. Where a statute gives a right unknown to the common law and limits the time within which an action or claim shall be brought to assert it, the statutory limitation measures the extent and qualifies the nature of the right conferred. (*Matter of O'Esau* v. *Bliss Co.*, 188 App. Div. 385, *supra*.) There is no claim here that the section is ambiguous and indeed it is not. In *Cooper-Snell Co.* v. *State of New York* (230 N. Y. 249) the court said at page 255: '' One of the cardinal rules to be applied in construing statutes is that they are to be read according to the natural and obvious import of their language without resorting to a subtle or forced construction either limiting or extending their effect.''

From a reading of the record it might be fairly argued that the appellant and employer have failed to show any prejudice to them as a result of late filing but that is no waiver or substitute for the necessary and affirmative acts required on the part of the claimant. The saving clause in the statute — the period from 15–20 days to 26 weeks — which permits the board under certain conditions to waive the time limitation is immediately followed by the '' provided, however '' section of the statute (heretofore quoted) and suggests that the only fair and intended interpretation was that such failure to file within 26 weeks

following the commencement of the period of disability constituted an absolute bar to the recovery of disability benefits. · The decision and award should be reversed and the claim dismissed.

BERGAN, P. J., COON, GIBSON and REYNOLDS, JJ., concur.

Decision and award reversed and the claim dismissed, without costs.