■ In the Matter of the Claim of GEORGE RODRIGUES, Appellant. MARTIN P. CATHERWOOD, as Industrial Commissioner, Respondent.— Appeal from a decision of the Unemployment Insurance Appeal Board which held claimant disqualified from receiving benefits. Claimant's duties as a stockman in a department store during a rush season included that of assisting in the prompt movement of stock from the warehouse to the selling floors, but he twice refused his supervisor's instructions to assist a temporary employee, described as a "young lad who wasn't too strong", who was having difficulty in wheeling stock up a ramp. Claimant had on two prior occasions been warned of the consequences of his failure to obey instructions and, indeed, on the second occasion, some months before, the employer had imposed upon him a "disciplinary layoff" for one week "for insubordination and for profanity toward his supervisor" and had given him "a final warning". The board could and did properly find that claimant provoked his discharge and thus voluntarily separated from his employment without good cause. (Labor Law, § 593, subd. 1, par. [a]; *Matter of Ianni* [*Catherwood*], 14 A D 469; *Matter of Karman* [*Lubin*], 2 A D 2d 626; see *Matter of Caruso* [*Catherwood*], 16 A D 2d 1008.) Decision unanimously affirmed, without costs. Present — Bergan, P. J., Gibson, Herlihy, Reynolds and Taylor, JJ.

■ In the Matter of the Claim of WILLIAM KASTENHUBER, Respondent, v. IRWIN & LEIGHTON, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by an employer and its insurance carrier from a decision and award under the Disability Benefits Law (Workmen's Compensation Law, art. 9). Appellants contend that the finding of disability commencing September 18, 1958 or at any time within four weeks of the last day of employment (Workmen's Compensation Law, § 203) is unsupported by substantial evidence; but the uncontroverted medical proof, supplied by two treating physicians, was that claimant was disabled from the time that he left the job on September 17, 1958, because of severe chest pain attributed to angina pectoris; and the board was, of course, under no compulsion to reject or to discount the evidence merely because claimant's first medical examination (following initial treatment by a chiropractor) was had some weeks after the first onset of pain and more than four weeks after he last worked or because no objective symptoms were apparent, as was said to be not unusual in angina cases. The remaining contentions advanced in appellants' brief were not specified in the application to the board for review and hence are not available to appellants here. (Workmen's Compensation Law, §§ 23, 224; *Matter of La Barge* v. *Mercy Gen. Hosp.*, 12 A D 2d 689, 690, motion for leave to appeal denied 9 N Y 2d 610; *Matter of Braune* v. *Haas*, 13 A D 2d 875, 876.) Decision and award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Bergan, P. J., Gibson, Herlihy, Reynolds and Taylor, JJ.