■     In the Matter of the Claim of MARGARET WHITE, Respondent, v REPUBLIC AVIATION DIVISION OF FAIRCHILD-HILLER et al., Appellants, and SPECIAL DISABILITY FUND, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workmen's Compensation Board, filed January 23, 1975, which discharged the Special Disability Fund from liability under subdivision 8 of section 15 of the Workmen's Compensation Law. The deceased employee herein, a supervising engineer, died on September 16, 1968, and the board ultimately determined that his death was compensable based upon its findings that his strenuous work activities upon behalf of his employer in August, 1968 caused a respiratory infection which, superimposed on his pre-existing cardiac condition, resulted in acute endocarditis and death. Since appellants' claim for reimbursement from the Special Disability Fund was admittedly not filed within 104 weeks of the deceased's death as required by the statute (Workmen's Compensation Law, § 15, subd 8, par [f]), but rather almost three years thereafter on August 12, 1971, the board further determined that said claim was not timely filed and affirmed a referee's discharge of the fund. On this appeal, we find that the discharge of the fund must be sustained. Appellants do not dispute that they filed their claim well beyond the time limitation in the statute and present no circumstances which would justify our excusing their neglect. As early as 1959 the employer was aware of the deceased's underlying cardiac condition, and it plainly knew of his fatal illness which developed in Florida where he was working in August of 1968. Moreover, appellants additionally make no showing that they were not given timely notice of the deceased's death, and

the fact that the deceased's widow's claim for compensation was not filed until September 15, 1970 does not justify their tardy filing almost another 11 months later on August 12, 1971 (cf. *Matter of Domash v Standard Coat, Apron & Linen Serv.,* 11 AD2d 575, affd 9 NY2d 889; *Matter of Lambright v St. Luke's Hosp.,* 3 AD2d 613, affd 3 NY2d 832). Under such circumstances as these, the claim for reimbursement was properly disallowed *(Matter of Kirik v Ford Motor Co.,* 27 AD2d 675). Decision affirmed, with costs to the Special Disability Fund against the employer and its insurance carrier. Koreman, P. J., Greenblott, Mahoney, Main and Herlihy, JJ., concur.