■ In the Matter of the Claim of PETER H. ONOFRI, Respondent, v SYRACUSE CHINA CORPORATION et al., Appellants, and SPECIAL DISABILITY FUND, Respondent. WORKERS' COMPENSATION BOARD, Respondent.—Appeal from decisions of the Workers' Compensation Board, filed August 8, 1975 and January 5, 1977, which, respectively, determined that claimant had a continuing partial disability causally related to an occupational disease after December 3, 1972 and discharged the Special Disability Fund from any liability therefor. Claimant was working for the employer, Syracuse China Corporation, in March of 1967 when, according to a board decision filed June 22, 1973 from which no appeal was taken, he became disabled as a result of an occupational disease involving his back. The employer and its insurance carrier now appeal from later board decisions which awarded claimant benefits for a period subsequent to December 3, 1972, i.e., from April 21, 1973 to July 18, 1974, upon a finding that he had a continuing causally related disability and discharged the Special Disability Fund under subdivision 8 of section 15 of the Workers' Compensation Law from any liability on this case. We hold that the decisions appealed from should be affirmed. In so ruling, we initially find that there is substantial evidence, most notably the testimony and medical report of Dr. William Peacher, a

specialist in neurosurgery and neurology, to support the board's determination that claimant's disability continued after December of 1972 and was related solely to his employment with Syracuse China Corporation in 1967. Accordingly, that determination should be sustained *(Matter of Lagona v Starpoint Cent. School,* 50 AD2d 236, affd 40 NY2d 1034). As for appellants' contentions that the board acted arbitrarily in not finding that incidents involving claimant while he was employed by Pat Bombard Buick constituted compensable accidents and erred in making concurrent awards of benefits to claimant for the period of June 9, 1972 to November 30, 1972, these must be rejected. Neither of these issues were raised by appellants in their applications to the board for review, and such being the case, we may not properly consider them on this appeal *(Matter of Middleton v Coxsackie Correctional Facility,* 38 NY2d 130). Finally, we conclude that the Special Disability Fund was properly discharged from liability on the ground that the claim for reimbursement was not filed within 104 weeks of the date of disability as required by section 15 (subd 8, par [f]) of the Workers' Compensation Law. In the board decision filed June 22, 1973, cited above, it was determined that the employer through one of its supervisors was notified by claimant of his disabling condition, and said notice is chargeable likewise to the carrier (Workers' Compensation Law, § 54, subd 2). Moreover, claimant's established date of disability is conceded by appellants to be March 22, 1967, and to be effective under these circumstances the claim for reimbursement from the Special Disability Fund had to have been filed within 104 weeks thereafter rather than when it was filed on April 28, 1972. Strict adherence to these statutory filing requirements has been consistently required *(Matter of Molina v Wave Crest Motel,* 46 AD2d 957), and that claimant's tardy filing of his claim in May, 1970 was excused because he was determined to be incompetent does not serve to justify appellant's seeking reimbursement almost another two years later (cf. *Matter of White v Republic Aviation Div. of Fairchild-Hiller,* 55 AD2d 765; *Matter of Kirik v Ford Motor Co.,* 27 AD2d 675; *Matter of Lambright v St. Luke's Hosp.,* 3 AD2d 613, affd 3 NY2d 832). Similarly, the alleged closings of claimant's case subsequent to the original 104-week filing period did not, as argued by appellants, serve to extend the time in which they could properly file for reimbursement (see *Matter of Hirschhorn v L & N Fruit & Produce,* 43 AD2d 1007 [concurring opn of Justice Greenblott]). Decisions affirmed, with costs to the Workers' Compensation Board against the employer and its insurance carrier. Mahoney, P. J., Kane, Main, Larkin and Mikoll, JJ., concur.