■ In the Matter of the Claim of ROBERT M. CROON, Respondent, v BREITFELLERS SALES, INC., et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent.—Appeals from decisions of the Workers' Compensation Board, filed November 4, 1976 and March 17, 1977, which restored the matter to the referee's calendar for appropriate award and denied appellants' request to reopen. Claimant, a sales manager for an automobile agency, voluntarily left his employment on May 14, 1974. He applied for and was denied unemployment insurance benefits. On November 19, 1974 claimant was hospitalized for a period of four months. The Veterans' Administration Hospital diagnosed his condition upon admittance as "Involutional Depression". On April 27, 1976 the medical chief of the hospital submitted a letter which stated that claimant was "Depressed and confused * * * and unable to file any claim during the period of May 19, 1974 to November 19, 1974." Acting on the claimant's application for review of the referee's decision denying him disability benefits, the board concluded: "After review, the Board finds, based on the credible evidence, because of the nature of claimant's illness, the time limitations prescribed by Section 217 for filing a claim do not run against claimant and therefore claimant is entitled to benefits for disability." The order awarding disability benefits must be affirmed. Appellants' reliance upon *Matter of Whalen v Allied Messenger Serv.* (12 AD2d 1) is misplaced. *Whalen* does not state that a failure to file a claim with 26 weeks after the commencement of the period of disability (Workers' Compensation Law, § 217) mandates a denial of benefits. Rather, *Whalen* and its progeny *(Matter of Bellinger v Perini Corp.,* 28 AD2d 1044) hold that time limitations (Workers' Compensation Law, §§ 28, 217) may be tolled if factual patterns are preponderantly resolved as to excuse late compliance. Here, there is uncontested medical proof that claimant was laboring under an incapacitating mental condition on the day he left his employment. Thus, section 115 of the Workers'

Compensation Law operates to toll the provisions of section 217. That the provisions of section 115 apply to article 9 of the Workers' Compensation Law (disability benefits), as well as to the other provisions of that law, is uncontestable (Workers' Compensation Law, § 241). Further, appellants' contentions that the claim is outlawed by sections 203 and 205 of the Workers' Compensation Law are without merit. Claimant's disablement within the time he could have applied for disability benefits foreclosed the application of these sections to the claim herein (see *Matter of Kastenhuber v Irwin & Leighton, Inc.*, 16 AD2d 1003). Lastly, the finding of ineligibility for unemployment insurance benefits was not binding on the Workers' Compensation Board. There were different issues before the respective boards. The Unemployment Insurance Appeal Board only determined the issue of the voluntariness of claimant's job termination, not his capacity to make a claim. No principles of *res judicata* or collateral estoppel are involved. Other than filing separate notices of appeal from the board's decision of March 17, 1978 denying request to reopen, the appellants did not address this matter either in oral argument or on brief. Decisions affirmed, with costs to the Workers' Compensation Board against the employer and its insurance carrier. Mahoney, P. J., Greenblott, Sweeney, Main and Larkin, JJ., concur.