Marion D'Andrea, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Brookville Manufacturing Company, Respondents.

Argued October 30, 1978, before Judges WILKINSON, JR., ROGERS and MACPHAIL, sitting as a panel of three.

*Anthony J. Seneca,* for appellant.

*John E. Caputo,* for appellee.

OPINION BY JUDGE WILKINSON, JR., December 6, 1978:

This is an appeal by petitioner Marion D'Andrea (claimant) of an order by the Workmen's Compensation Appeal Board (Board) which dismissed claimant's petition for compensation because the period of limitations had expired. We affirm.

This case has a long procedural history, but only the end of it concerns us.[1] On June 15, 1976 claimant filed a petition for compensation citing a work related injury which occurred on April 30, 1973, when she fell injuring her knee with her disability commencing on December 23, 1973 when she fell again at home. In the second fall at home claimant broke her ankle, saying

---

[1] The complete procedural history is as follows. On April 30, 1973 claimant fell while at work. On December 23, 1973 she fell again at home. On May 5, 1975 claimant filed for compensation based on knee and back injuries sustained during the April 30, 1973 fall. On August 20, 1975 the referee issued an order dismissing the petition for nonappearance and failure to prosecute. A timely appeal was filed by claimant to that decision and the Board in an order dated March 22, 1976, vacated the referee's order and remanded the case for a hearing. At that hearing on June 9, 1976, claimant moved to withdraw her petition. On June 30, 1976 the referee issued an order granting the withdrawal without prejudice to the petition of May 5, 1975 and terminated all proceedings. No appeal was taken from that order.

that her previously injured knee had caused the fall. The disabling injury was the second one which did not occur at work. The claimant's petition was filed within the three year period of limitations if the initial measuring point for the disability claimed is her fall on December 23, 1973, but it was not if the disability is measured from the April 30, 1973 accident at the job site.

The issue is whether claimant's second, at home injury, is compensable only if a claim is filed within the statutory period for filing a claim under the original work related injury. The referee and the Board ruled that the period of limitation ran from the original injury. We affirm.

There is no case law on this exact point in Pennsylvania. The case which comes closest is from this Court, *Workmen's Compensation Appeal Board v. Neimann*, 24 Pa. Commonwealth Ct. 377, 356 A.2d 370 (1976). In the *Neimann* case the claimant who was a nurse was hit in the face by a psychotic patient. She was treated from time to time by her employer-hospital for the broken nose, facial pains and other problems which resulted from the blow. The claimant also had pain in her arm, shoulders and neck. After a good deal of time and varying diagnoses from doctors, the claimant finally discovered that the neck and shoulder pain was due to a herniated disc in her neck, which was a direct result of the original blow. However, this discovery came 23 months after the original injury (the period of limitations was 16 months then). The claimant argued that, as in medical malpractice cases, a limitation does not begin until the patient discovers the presence of the injury. "However," wrote Judge MENCER, "the law in workmen's compensation cases is to the contrary." (Citations omitted.) *Neimann, supra* at 386, 356 A.2d at 375.

The claimant in the case at bar distinguishes *Neimann* by saying that *Neimann* only involved one accident, with the discovery of the disability being the problem and this case involves two accidents. However, in each case there is only one compensable accident. The second accident in the instant case was clearly not work related; it was not sustained while she was engaged in the furtherance of the business or affairs of the employer.

Accordingly, we will enter the following

ORDER

AND Now, December 6, 1978, the order of the Workmen's Compensation Appeal Board at No. A-72154 dated June 17, 1977 is hereby affirmed.