PER CURIAM.
The issue before the judge of industrial claims was whether the claimant was mentally incompetent so as to necessitate the appointment of a guardian and to defeat a statute of limitations’ bar to her claim for workers’ compensation benefits. Based solely on his observations of the claimant, and contrary to all recorded evidence, the judge of industrial claims found that the claimant was mentally competent. We reverse.
The test for mental incompetency sufficient to defeat applicability of § 440.-19(1)(a), Florida Statutes (1973), can be found in Thomas v. Westinghouse Electric & Mfg. Co., 160 Fla. 687, 36 So.2d 377 (1948).
Was the claimant so unsound in mind that he could not manage his ordinary affairs of life?
The judge of industrial claims’ finding in this regard must be based on competent substantial evidence. U. S. Casualty Co. v. Maryland Casualty Co., 55 So.2d 741 (Fla.1951). In the instant case, as in Thomas, supra :
Allegations of the claimant as to his mental incompetence are overwhelmingly substantiated by a preponderance of evidence. The evidence introduced by claimant has not been contradicted. The finding of the Deputy Commissioner was erroneous and clearly against the preponderance of evidence.
Accordingly, we reverse and remand for a new order consistent with this opinion and for determination of matters ripe for adjudication by virtue of this opinion.
Reversed and remanded.
ROBERT P. SMITH, Jr., BOOTH and SHAW, JJ., concur.