James Riddick, Sr., Petitioner *v.* Workmen's Compensation Appeal Board (The State Correctional Institution at Graterford), Respondents.

Argued June 3, 1985, before Judges CRAIG and MACPHAIL, and Senior Judge KALISH, sitting as a panel of three.

*Christine J. Barbieri,* with her, *Carl M. Mazzocone, Kates; Livesey & Mazzocone,* for petitioner.

*William C. Steppacher,* with him, *Picard Losier,* for respondent, State Correctional Institute at Graterford.

OPINION BY JUDGE CRAIG, October 16, 1985:

Claimant James Riddick, Sr., formerly a prison guard at the State Correctional Institute at Graterford, has appealed from a decision of the Pennsylvania Workmen's Compensation Appeal Board which reversed a referee's decision granting compensation to the claimant for job-related mental disability.

This court must decide if the board erred in

(1) concluding that the claim for mental disability constituted a new claim petition barred by the three-year time limit in section 315 of The Pennsylvania Workmen's Compensation Act,[1] and

(2) also declining to treat the claim as a review petition seeking compensation for an increase of disability, as to which the section 315 time limit runs only from the last payment of compensation in the case.[2]

---

[1] Section 315 of the Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §602, provides, in relevant part:

In cases of personal injury all claims for compensation shall be forever barred, unless within three years after the injury, . . . one of the parties shall have filed a petition [for benefits] . . . .

[2] The third sentence of section 315 reads:

Where, however, payments of compensation have been made in any case, said limitations shall not take effect until the expiration of three years from the time of the making of the most recent payment prior to the date of filing such petition: . . . .

The referee found that the claimant was disabled, in that he was "totally incapable of being gainfully employed . . . as a result of his mental condition." The referee also found that the claimant's "mental condition was precipitated by the pressures of his job as a prison guard."

According to the record, the claimant's job as a prison guard involved a series of difficult and traumatic events culminating in a physical altercation with prisoners on February 28, 1976. About one year before that date, a prisoner being guarded by the claimant had been found hanged to death, causing the claimant to believe that the prisoner had been murdered as a consequence of the claimant's attempt to convey to the warden information cooperatively provided by that prisoner. Shortly before the incident on February 28, 1976, the claimant had been required to guard the dead body of a fellow guard who had been stabbed forty times, and the claimant shortly thereafter had been subjected to close contact with a prisoner suspected of killing that other guard, a situation made more difficult by the claimant's attempts to forestall revenge by fellow guards against the prisoner.

The February 28, 1976 date was the claimant's last day of employment. On that day he acted to break up a fight among inmates. He was attacked by seven to ten inmates, including a very large inmate who picked him up and threw him against a steel radiator.

During the period of disability which began with that date, the claimant's compensation claim history was as follows:

1. Pursuant to a notice of compensation payable, mentioning only physical injuries to the claimant's back, hand and elbow in the

February 28, 1976 incident, the Commonwealth employer paid benefits until February 1, 1977, when a State doctor signed an affidavit of recovery.

2. On consideration of the employer's petition to terminate, the referee extended compensation payments until July 11, 1977 for injuries to the elbow.

3. On February 2, 1978, the claimant filed a claim petition alleging disability due to injuries to his right foot and heel. The referee agreed that the foot injury was job-related, stemming from the incident of February 28, 1976, and also found that it wholly disabled the claimant from his duties as a prison guard. The referee's award for that disabling foot injury is not at issue here.

4. On December 29, 1979, according to a finding of the referee (on December 31 of that same year according to the board), the claimant filed a petition for compensation alleging disability due to 'mental health' arising out of the incident of February 28, 1976, with such disability alleged to commence from November, 1977.

### New Claim Basis

If this proceeding is approached as a claim petition for mental injury arising independently of any other injury, the three-year time limit would have started no later than the last day of employment, February 28, 1976, and hence would have expired February 28, 1979, months before the December 1979 claim filing date. However, the referee concluded that the statute of limitations was tolled in July of 1978. Upon a record containing the testimony of Dr. Prescod, a psychiatrist, that claimant was mentally incompetent in a technical sense from July 23, 1978

to May 23, 1979, the referee expressly made the following finding of fact:

> 24. During the period from July 23, 1978 to May 1979, the Claimant was mentally incompetent in a technical sense.

Of course, if mental incompetency tolls or suspends the running of the statute of limitations, those ten calendar months of incompetency would function to extend the expiration date from February 28, 1979 through December, 1979, so that the claimant's mental injury petition, whether filed on December 29 or 31 of that year, would have been timely.

Although the referee also expressed an alternative limitation starting date on the theory that the three years would not begin to run until the date on which the claimant became aware of the fact of the job-related mental disability, the claimant, the board, and the employer all agree that the starting date for the statute of limitations, unlike that with respect to the notice period, is not related to the time of discovery of the disability. *Workmen's Compensation Appeal Board v. Neimann*, 24 Pa. Commonwealth Ct. 377, 356 A.2d 370 (1976).

Hence the determinative issue under the new claim approach is:

> Where the findings establish that a workmen's compensation claimant has been subject to a period of mental incompetency, does the claimant's incompetency toll the statute of limitations so as to suspend its running during that period?

The question definitely is one of first impression in this Commonwealth, as applied in the workers' compensation context. The workmen's compensation injury statute of limitations has been held to be a statute of repose, extinguishing the right when the time expires, *Ratto v. Pennsylvania Coal Co.*, 102 Pa. Su-

perior Ct. 242, 156 A. 749 (1931), *cf. Ciabattoni v. Birdsboro St. F & M Co.*, 386 Pa. 179, 125 A.2d 365 (1956), although subject to tolling where an employer has misled a claimant as to the filing of the claim. *Dudley v. Workmen's Compensation Appeal Board,* 80 Pa. Commonwealth Ct. 233, 471 A.2d 169 (1984), *Taglianetti v. Workmen's Compensation Appeal Board,* 63 Pa. Commonwealth Ct. 456, 439 A.2d 844 (1981).

Unfortunately, the judicial and legislative sources within this Commonwealth, and comparison of them with those of other states, compels the conclusion that incompetency does not toll the time limitation for filing a workmen's compensation claim in Pennsylvania.

The claimant's brief cites out-of-state cases for the proposition that incompetency does toll a worker's compensation filing time limit, but most of the cited decisions come from states in which the workmen's compensation statute or a general law expressly provides that incompetency suspends the running of the limitation.[3] From the cases supplied by claimant's counsel, only Texas[4] and Florida[5] appear to have judicial precedents holding, without reliance on express statutory authority, that incompetency tolls the claim filing time.

---

[3] *Nelson v. Industrial Commission of Arizona,* 134 Ariz. 369, 656 P.2d 1230 (1982) ; *Ronco v. Diamond Machine Co., Inc.,* 424 A.2d 1093 (Me. 1981) ; *Croon v. Breitfellers Sales, Inc.,* 63 A.D.2d 1108, 406 N.Y.S. 2d 390 (1978) ; *Onofri v. Syracuse China Corp.,* 63 A.D.2d 774, 404 N.Y.S. 2d 761 (1978) ; *Ball v. Industrial Commission,* 30 Colo. App. 583, 503 P.2d 1040 (1972) ; *Johnson v. Thomas & Skinner, Inc.,* 152 Ind. App. 136, 282 N.E.2d 346 (1972) ; *Johnson v. State Compensation Department,* 246 Or. 449, 425 P.2d 496 (1967) ; *United Brick & Tile Co. v. Roy,* 356 P.2d 107 (Okla. 1960).

[4] *Texas General Indemnity Co. v. Bomer,* 588 S.W.2d 645 (Tex. 1979).

[5] *Bing v. Ocala Cleat Co.,* 383 So.2d 709 (Fla. 1980).

Our independent review of Pennsylvania law discloses—as indicated above—no workmen's compensation decisions on the point and, outside that field, only our Supreme Court's clear holding that incompetency does not toll the statute of limitations in a personal injury case. In *Walker v. Mummert*, 394 Pa. 146, 146 A.2d 289 (1958), the Supreme Court held that, because the limiting statutes themselves expressed no saving provision, persons under disability do not have the benefit of any exceptions to the operation of the time limits. The Supreme Court's majority concluded by expressing a belief that the timely appointment of guardians should diminish the possibility of the loss of rights by incompetents resulting from the holding.

Pennsylvania's general statute of limitations currently expresses the hard rule as a matter of legislative policy, in 42 Pa. C. S. §5533, which reads:

Except as otherwise provided by statute, infancy, insanity or imprisonment does not extend the time limited by this subchapter for the commencement of the matter.

Although the time limitation in our worker's compensation law is independent of the statutory subchapter referred to above, it contains no exception for incompetency or other disability.

However much the Workmen's Compensation Board and this court might prefer to rule that incompetency extends the time limit, at least until the expiration of a short period following the appointment of a guardian, this court cannot do so without legislating and thus usurping the lawmaking function which the constitution confers only upon the legislators elected to perform it.

Accordingly, if the matter be viewed only as involving a fresh claim petition, the board was correct in concluding that it was out of time under the statute.

### Review Petition Basis

Alternatively, the claimant urges that, respecting the policy of interpreting the Act liberally in favor of injured workers, *Plasteel Products Corp. v. Workmen's Compensation Appeal Board,* 32 Pa. Commonwealth Ct. 405, 379 A.2d 908 (1977), this court should view the claim as based upon a review petition under section 413, 77 P.S. §772, which permits a referee to modify or reinstate a notice of compensation payable or award, "upon proof that the disability . . . has increased [or] recurred. . . ." As noted above, the applicable time limitation would then be the one stated in the sentence of section 315 which reads:

> Where, however, payments of compensation have been made in any case, said limitation shall not take effect until the expiration of three years from the time of the making of the most recent payment prior to the date of filing such petition. . . .

Thus, if the mental injury claim is within the same "case" as the compensation paid under notice of compensation payable for the various physical injuries of that traumatic last day of work, the fact that those payments continued until February 1, 1977, and beyond, would put the December 1979 claim filing within three years following that payment period.

To place the mental injury within the same "case," *i.e.,* to obtain a reinstatement of compensation for it, the claimant had the burden of showing that it was causally related to the earlier injuries. *Bentworth School District v. Workmen's Compensation Appeal Board,* 74 Pa. Commonwealth Ct. 315, 459 A.2d 906 (1983). Hence, the pivotal question as to the review petition basis is:

> Did the claimant's mental disability in fact constitute a disability causally related to the com-

pensated injuries incurred on February 28, 1976?

As initially noted, the referee's only pertinent finding on this score is Finding No. 26:

His mental condition was precipitated by the pressures of his job as a prison guard.

Certainly, the referee could have regarded the physical injuries of that last day of work as a significant and substantial part of the pressures of the job. On the other hand, by the word "pressures" the referee may have intended to refer only to the earlier psychological pressures apart from the culminating physical encounter.

Therefore, this court must remand to the referee for a clarification of Finding of Fact No. 26 and such additional findings as may be necessary to establish as a matter of fact whether or not the claimant's back, hand, elbow and foot injuries—all of which occurred on February 28, 1976—had a causal relationship to his mental disability.

### Order

Now, October 16, 1985, the order of the Workmen's Compensation Appeal Board at A-82133, dated February 24, 1983, is vacated, and this case is remanded for clarification of the referee's Finding of Fact No. 26 and for additional findings of fact by the referee, if necessary, as to whether the claimant's injuries of February 28, 1976 had a causal relationship to his mental disability.