515 A.2d 341

Joseph D. Corcoran, Petitioner v. Workmen's Compensation Appeal Board (Pepperidge Farms, Inc.), Respondents.

Pepperidge Farms, Inc., Petitioner v. Workmen's Compensation Appeal Board (Corcoran), Respondents.

Submitted on briefs April 10, 1986, before Judges CRAIG and BARRY, and Senior Judge BLATT, sitting as a panel of three.

*Fred T. Cadmus, III*, for appellant/respondent, Joseph D. Corcoran.

*Peter J. Weber*, with him, *Clifford A. Goldstein, Rawle & Henderson*, for respondent/petitioner, Pepperidge Farms, Inc.

OPINION BY JUDGE BLATT, September 23, 1986:

Joseph D. Corcoran[1] (petitioner), appeals an order of the Workmen's Compensation Appeal Board (Board) which affirmed a referee's decision dismissing his claim for disability benefits as untimely filed. Pepperidge Farms, Inc. (employer), has also petitioned for review of the Board's decision, and the two appeals have been consolidated for our review.

It was found that the petitioner had worked for the employer in a variety of positions, and that, from the commencement of his employment in February 1970,

---

[1] Now deceased.

through October 1974, he was exposed to "flour dust and/or egg albumin dust" while working in three different job capacities. During the remainder of his employment, however, he was not in positions subjecting him to such exposure. Following his hospitalization for bronchial asthma in August 1974, the petitioner's physician informed him that the asthma was brought on by his working conditions, specifically by his exposure to egg albumin dust, and he was advised to change his occupational duties. He then requested and was assigned to new duties in October 1974, and he was not again subject to such exposure for the remainder of his employment. He continued, however, to experience asthmatic problems resulting in six more hospitalizations between January 1976 and February 1979. However, although the petitioner was, as the referee found, totally disabled during such times, no disability claim petition was ever filed prior to his non-illness-related termination of employment in June 1978. Such a petition, alleging his total disability from asthma purportedly caused by his exposure to egg albumin dust, admittedly was not filed until June 1979.

Although the referee concluded that the petitioner suffered from a work-related ailment otherwise compensable under the disease recovery provisions of The Pennsylvania Workmen's Compensation Act (Act),[2] he dismissed the petition as having been filed outside the pertinent three-year statute of limitations provided by Section 315 of the Act,[3] noting that the claimant had become disabled (*i.e.*, he had lost earning power) in August 1974, nearly five years before the filing of the claim. The referee also held that the employer had

---

[2] Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§1-1066. The referee's findings and conclusion reflect that he was applying Section 108(n) of the Act, 77 P.S. §27.1(n).

[3] 77 P.S. §602.

neither intentionally nor unintentionally lulled the petitioner into a false sense of security with respect to the need to file an earlier claim in order to protect his right to benefits.

Notwithstanding the referee's dismissal of the claim, the employer has also appealed here, alleging that the referee erred in his findings and conclusions concerning the compensability of the claimant's disability under the Act. The Board did not address this argument because it had affirmed the referee's statute of limitations dismissal.

The petitioner, for his part, contends here that the referee erred in concluding that the statute of limitations ran from the date of his initial disability in August 1974, arguing that the statute of limitations should run from the time of his last employment with the employer in March 1978, regardless of when he was exposed to the asthma-causing substance or when he experienced disability as a result of such exposure.

The Act's statutes of limitations have been construed as statutes of repose, extinguishing not only the "remedy of" but the right to compensation upon their expiration. *Ratto v. Pennsylvania Coal Co.*, 102 Pa. Superior Ct. 242, 156 A. 749 (1931); *Riddick v. Workmen's Compensation Appeal Board (The State Correctional Institution at Graterford)*, 92 Pa. Commonwealth Ct. 263, 499 A.2d 694 (1985). And this Court has previously held, of course, that the three-year statute of limitations imposed by Section 315 of the Act will be tolled when fraud or its equivalent have caused the claimant to refrain from filing a claim. *Dudley v. Workmen's Compensation Appeal Board (Township of Marple)*, 80 Pa. Commonwealth Ct. 233, 471 A.2d 169 (1984), *aff'd per curiam,* Pa. , 507 A.2d 388 (1986).[4]

---

[4] Section 315 also provides, of course, that payments "in lieu" of compensation made within three years of the injury or of the

The present case, however, does not involve the issue of whether the statute of limitations has been tolled, but implicates, instead, the issue of when the limitation is to commence.

Section 315 provides, in pertinent part:

> In cases of personal injury all claims for compensation shall be forever barred, unless, within three years after the injury, the parties shall have agreed upon the compensation payable . . . or unless within three years after the injury, one of the parties shall have filed a [claim] petition.
> . . .

77 P.S. §602. Clearly, the petitioner's disabling condition, bronchial asthma, for which recovery may be had under the *disease* provisions of the Act, is an *injury* for purposes of Section 315; the last clause which provides that "[t]he term 'injury' in this section means, in cases of occupational disease, *disability* resulting from occupational disease." *Id*. And the referee and the board based their decision that the statute of limitations had been exceeded upon this statutory language. *Disability,* under the Act, is defined as loss of earning power. *See, e.g., Jones & Laughlin Steel Corp. v. Workmen's Compensation Appeal Board,* 35 Pa. Commonwealth Ct. 610, 387 A.2d 174 (1978) *(J&L I)* (although claimant was suffering from sufficiently severe lung ailment in 1974 to entitle him to federal black lung benefits, claimant could not be considered disabled under the *Act* until 1976, when earning power ended). *See also Killian v. Heintz Division, Kelsey Hayes,* 468 Pa. 200, 360 A.2d 620 (1976). Applying this definition to the petitioner's circumstances here, the referee found as a fact that the petitioner had been hospitalized and had in fact *become*

---

most recent payment of compensation will also toll the limitations period.

disabled from the egg albumin dust in *1974*, and had consequently suffered an injury at that time for purposes of the statute of limitations. Because no petition was filed until some five years later, the referee concluded that the limitations period had expired.

We detect no error in this reasoning. There has been no allegation that the work-related character of petitioner's ailment became known to him only at such a time as would implicate the discovery rule as the applicable standard to govern the commencement point of the statute of limitations. *See Jones & Laughlin Steel Corp. v. Workmen's Compensation Appeal Board (Feiertag)*, 90 Pa. Commonwealth Ct. 567, 496 A.2d 412 (1985) *(J&L II)* (discovery rule held applicable to *disease* claims brought under section 315 of Act, notwithstanding absence of provision therefore in statute). Indeed, the petitioner became aware of the full aspects of his ailment upon his initial period of disability in 1974, gave notice of the work-related nature of his problem to the employer then, and requested a transfer away from the egg dust. Because the discovery rule is consequently not applicable, the referee committed no error in concluding that the statute of limitations was to run from the petitioner's period of initial disability.

The petitioner argues, of course, that the only "disability" here involved is his final loss of earning power, which occurred in 1978 upon his non-illness-related termination from work, and he cites as support *Lehigh Valley Coal Sales Co. v. Workmen's Compensation Appeal Board*, 66 Pa. Commonwealth Ct. 59, 443 A.2d 1339 (1982). In that case, however, the claimant had never before suffered a period of disability due to an ailment of which the work-related character was fully known. This Court merely held there that, although the claimant may have had notice of his work-related anthracosilicosis years before his retirement from coal

industry employment, the statute of limitations could not commence until his earning power ceased or, in other words, until his disability began. *See J&L I.* Here, however, it is not disputed that the petitioner became disabled under the Act in 1974. He thus suffered an injury then, for the purposes of the statute of limitations, which was well before his ultimate non-illness-related termination in 1978.

The record is not clear as to why the petitioner, having suffered an acknowledged work-related disability, did not file a claim for compensation in 1974.[5] Such filing and the receipt of payments would have tolled the limitation period directly pursuant to the language of Section 315, thereby facilitating a later claim for both his subsequent intermittent periods of disability[6] and his ultimate permanent disability. His failure to file then, however, compels the conclusion that, when he did finally file, the petition was barred by the passage of time.

------

[5] As stated above, the referee specifically found that the petitioner had not been lulled into a false sense of security by the employer, a course of conduct on the latter's part which would have tolled the limitation period. *Dudley.* Petitioner, significantly, has not pressed such an argument in this Court. Nor does petitioner argue that any *payments* were made which would toll the limitation period. The record, indeed, reveals no "in lieu" of compensation payments having been made, and the payments of medical expenses or hospital bills does not, of course, toll the limitation. *Pliscott v. Workmen's Compensation Appeal Board,* 9 Pa. Commonwealth Ct. 292, 305 A.2d 918 (1973). Finally, that the employer may have possessed knowledge that petitioner was suffering from a work-related ailment does not, of course, toll the limitation period. *Mangine v. Workmen's Compensation Appeal Board (Consolidation Coal Co.),* 87 Pa. Commonwealth Ct. 543, 548 n.4, 487 A.2d 1040, 1042 n.4 (1985).

[6] The petitioner argues only that the point of his termination from work, an event unrelated to his health problem, should mark the commencement of his limitation period, but not the later

Our conclusion is entirely in consonance with the purpose of the statute of limitations, which is that those possessing claims not "sleep on their rights" but rather pursue their claims with diligence. *Dudley*. Here, the petitioner became disabled and entitled to benefits due to an injury, the cause of which was known and for which he was entitled to compensation, yet for reasons which are not clear, he did not pursue such benefits and thus did not preserve his rights under the Act.

We will, therefore, affirm the order of the Board. And, inasmuch as we conclude, as did the Board, that the claim is time-barred, we will dismiss the employer's petition for review.

### ORDER IN 779 C.D. 1985

AND NOW, this 23rd day of September, 1986, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is affirmed.

### ORDER IN 937 C.D. 1985

AND NOW, this 23rd day of September, 1986, the petition for review filed by Pepperidge Farms, Inc. in the above-captioned matter is dismissed.

---

periods of intermittent disability. The referee and Board were correct, in any case, in ruling that the period of initial disability marked the "injury" for purposes of Section 315. The statute plainly provides that the limitation period is to run from the date of injury, and that point in petitioner's case was in 1974. Petitioner's later periods of intermittent disability did not work to toll the limitation. *Compare D'Andrea v. Workmen's Compensation Appeal Board*, 39 Pa. Commonwealth Ct. 55, 394 A.2d 1086 (1978) (where claimant suffered work-related *traumatic* injury, limitation period commenced, notwithstanding fact that later event allegedly triggered disability).