469 A.2d 548

**Nicholas TAGLIANETTI, Deceased, by Grace TAGLIANETTI, Appellant,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (HOSPITAL OF The UNIVERSITY OF PENNSYLVANIA), Appellees.**

Supreme Court of Pennsylvania.

Argued Oct. 24, 1983.

Decided Dec. 29, 1983.

Christina J. Barbieri, Carl M. Mazzocone, Philadelphia, for appellant.

Stephen J. Harlen, Philadelphia, for appellees.

Before ROBERTS, C.J., and NIX, LARSEN, FLAHERTY, McDERMOTT, HUTCHINSON and ZAPPALA, JJ.

## OPINION

ZAPPALA, Justice.

This case involves a claim for survivor's benefits under the Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, as amended. On April 11, 1973, Nicholas Taglianetti suffered a fatal heart attack while in the course of his employment in the General Services Department of Appellee, University of Pennsylvania Hospital. On April 3, 1979, Appellant Grace Taglianetti, the widow of Nicholas Taglianetti, filed a fatal claim petition for workmen's compensation benefits. After a hearing, the referee held that Appellant's claim was barred by the statute of limitations and dismissed her petition.[1] The Workmen's Compensation Appeal Board and the Commonwealth Court both affirmed. *Taglianetti v. Workmen's Compensation Appeal Board*, 63 Pa.

---

1. Appellant was the only witness to testify at the hearing, and her testimony consisted solely of direct examination; Appellee waived its opportunity to cross-examine.

Cmwlth. 456, 439 A.2d 844 (1981). We granted Appellant's petition for allowance of appeal, and now affirm.

The pertinent facts relating to the filing of Appellant's petition, as found by the referee, are as follows: subsequent to the death of her husband, the Appellant received a letter from the Appellee dated April 13, 1973, along with a check in the amount of $2,948.49, representing "three months death gratuity for wife of deceased employee"; the Appellant requested information in May and July of 1973 from Appellee as to any widow's benefits due her;[2] the Appellee informed Appellant that apart from life insurance and the death gratuity, she had no other widow's benefits; the Appellant did not seek any advice from any other source regarding an alleged claim for work-related benefits which she may have; and that Appellant did not realize that she might have such a claim until she read a newspaper article on June 3, 1978 regarding this Court's decision in two other "heart attack" cases.[3]

The referee concluded, as demonstrated in the record, that no evidence was presented relating to fraud, misrepresentation, or of conduct by the Appellee which would have lulled the Appellant into a false sense of security that a claim would be provided for or paid. The referee dismissed the Appellant's claim because it was not filed within the requisite time limitation.

The time limitation applicable to a claim arising out of the death of an employee is set forth in the Workmen's Compensation Act, 77 P.S. § 602, which provides:

... In cases of death all claims for compensation shall be forever barred, unless within three years after the death, the parties shall have agreed upon the compensation under this article; or unless, within three years after

2. The Appellant could identify the person with whom she spoke only as a female in the personnel office.

3. With respect to the decision of this Court referred to in the 1978 newspaper article, *see Workmen's Compensation Appeal Board v. Bernard S. Pincus Company*, 479 Pa. 286, 388 A.2d 659 (1978).

the death, one of the parties shall have filed a petition as provided in article four hereof.[4]

It is undisputed that the Appellant did not file a petition within three years after her husband's death. Failure to file a claim within the statutorily prescribed period extinguishes the right, as well as the remedy, under the Workmen's Compensation Act. If, however, the employer fraudulently or deceptively lulls the claimant into inaction, the employer will be estopped from raising the statute of limitations. The principle of estoppel recognizes that an employer should not be able to claim the defense of untimeliness when a claimant's failure to timely file a petition has resulted from the employer's own actions.

The Appellant contends that the Commonwealth Court erred in concluding that Appellee did not deceive or mislead Appellant as to her right to compensation. The record is devoid of any evidence that the Appellee acted to defraud the Appellant. Nor is there any evidence from which it could be reasonably interpreted that the Appellee's words or conduct lulled the Appellant into a false sense of security. We are not confronted here with an employer's actions which promote a claimant's incorrect belief that a claim has been or will be processed.

The record demonstrates that the Appellant contacted the employer's personnel office on two occasions subsequent to her receipt of death gratuity benefits to determine whether she was entitled to any additional benefits. On those occasions, Appellant was informed that she would not receive additional benefits. There was no discussion related to

4. At the time of Mr. Taglianetti's death, the applicable statute of limitations was two years. Prior to the running of this statute, however, the statute of limitations was amended to three years. Act of December 5, 1974, P.L. 782, § 13. The three year statute, therefore, applies to this case. *See City of Hazelton v. Workmen's Compensation Appeal Board*, 35 Pa.Cmwlth. 477, 386 A.2d 1067, 1070 (1978) (statute of limitations in Workmen's Compensation Act is procedural rather than substantive so that amendments to the statute operate retroactively; when statute is amended before the expiration of the original deadline for filing, claim is governed by the longer limitation period of the amended statute).

workmen's compensation benefits or the filing of a claim.[5] The Appellant maintains that the Appellee's statements unintentionally deceived her as to her rights and that the statute of limitations should be tolled as a result. The Appellant has failed to demonstrate, however, conduct by the employer which could reasonably be interpreted as misleading. The issue of workmen's compensation benefits was never addressed by either the Appellant or the Appellee. The Appellant was never informed of the existence or non-existence of workmen's compensation benefits or the right to file a claim. The discussions with the Appellee regarding workmen's compensation benefits did not occur until 1978, approximately two years after the expiration of the applicable statute of limitations.

■ Having failed to establish conduct by the Appellee which would toll the statute of limitations, Appellant is urging us, in effect, to impose an affirmative duty upon an employer to apprise an employee or potential claimant of any and all available benefits. Appellant concedes, however, that an employer has no affirmative duty to provide information of possible benefits. We cannot here, as asserted, impose a duty upon an employer where none exists.

The Order of the Commonwealth Court is affirmed.

LARSEN, J., filed a dissenting opinion in which ROBERTS, C.J., joins.

LARSEN, Justice, dissenting.

I believe that the majority has erred in concluding that appellee did not deceive or mislead appellant as to her right to compensation, and in concluding that the statute of limitations had run in this case. Accordingly, I dissent.

The Workmen's Compensation Act provides that

---

5. Nor was Appellant's inquiry of a nature which would prompt a discussion regarding a claim for workmen's compensation benefits. In fact, Appellant testified that she did not know of any rights as a widow which would result from her husband's death at work prior to reading the newspaper article (N.T. 8). Consequently, Appellant's reliance in her brief on cases in which workmen's compensation benefits were discussed with an employer is misplaced.

In cases of personal injury all claims for compensation shall be forever barred, unless, within three years after the injury, the parties shall have agreed upon the compensation payable under this article; or unless within three years after the injury, one of the parties shall have filed a petition as provided in article four hereof.

77 P.S. § 602.

Despite this three year statute of limitations, the Commonwealth Court (and before it, the Superior Court) has consistently held that

" '... *the courts can permit a claim to be filed after the time prescribed in the statute if fraud or its equivalent is shown,* which in this connection includes an unintentional deception. The evidence to support such a claim must be clear and precise, more than of doubtful weight.... If a person is deceived, even unintentionally, as to his rights by one who has authority to act in the premises, courts will not ordinarily permit such deception to work an injury to the innocent party....' (Emphasis added.)"

*Workmen's Compensation Appeal Board v. Griffith*, 28 Pa.Commw. 623, 368 A.2d 1371, 1374 (1977), citing *Palmer v. City of Pittsburgh*, 9 Pa.Commw. 526, 530, 308 A.2d 179, 182 (1973).

The initial question in this case, therefore, is whether appellee's actions with respect to appellant constitute that fraud or unintentional deception by an employer which will toll the statute of limitations under the Workmen's Compensation Act. This is a question of first impression for this Court.

The Commonwealth Court has repeatedly held that when a claimant is reasonably lulled into a false sense of security and inaction by the employer's representations that all necessary efforts are being made to preserve his rights and to process his request for compensation, the employer is thereafter estopped from raising the statute of limitations as a bar if the claim is filed late. *See, e.g., Palmer, supra,* 9 Pa.Commw. 530, 308 A.2d at 182.

The Commonwealth Court has also held, however, that the Workmen's Compensation Act does not place on an employer an affirmative duty to advise a claimant of his rights, and that when an employer merely informs a claimant that he does not have a viable claim, the employer's behavior does not constitute that fraudulent conduct which instills a false sense of security, and thus, does not excuse the claimant from complying with the statute of limitations. *See, e.g., Palmer, id.*

These statements of the law are inadequate to deal with the present case, however. At the hearing in this case, appellant testified that in May, 1973, she called appellee's personnel office to ask if she was entitled to any other benefits and the woman in personnel told her, "[N]o nothing, just whatever they had mailed out to me, the 3 months coming to him"; that she did not consult an attorney "[b]ecause I thought as a widow, well I took their word for it"; that she called appellee again in July, 1973 "to make sure and I just wanted them to reconfirm that I had no other rights or benefits and they said no"; that after she saw the newspaper article in 1978 she again called appellee and forwarded to a Mrs. Gilbert a copy of the article; that appellant never received a call from appellee's attorney, despite several calls to appellee and an assurance that its attorney would contact her; that appellant finally talked to appellee's attorney, who informed her that there was nothing he could do; and that appellant then contacted a councilwoman who referred her to legal services, where she was finally advised to file a fatal claim petition.

The fact that appellee did not lull appellant into a false sense of security by telling her that it would process her claim should not compel the conclusion that appellee may now raise the statute of limitations as a bar to appellant's claim; even though appellee had no duty to advise appellant as to her rights, appellee nevertheless informed appellant on several occasions that she had no claim, thus causing appellant to reasonably believe that there was nothing she could or should do.

I would hold that in such cases, the employer is responsible for any delays in filing a claim petition which occur after the employer has misinformed a claimant about the existence of a claim. When an employer is approached by a claimant concerning the existence of a workmen's compensation claim, the employer need only advise the claimant that it has no authority or obligation to determine whether a valid claim exists and that the claimant may contact an attorney for further assistance.[1] Once an employer undertakes to advise a claimant, however, the employer should bear the burden of any inaccurate advice it purposely or inadvertently delivers.[2]

In this case, since appellee undertook to inform appellant as to her rights, and since that information was incorrect—appellant did, in fact, have a right to file a claim petition, although the validity of that claim has yet to be determined—appellee should bear the burden of the delay in instituting this proceeding which it caused.

The remaining issue in this case is what period of delay should be borne by appellee. The Commonwealth Court has held that when an employer has deceived a claimant into believing that his claim was being processed, thus causing the claimant to file his petition late, the statute of limitations does not begin to run until the date of the employer's last misleading statement upon which the claimant relied. *See, e.g., Palmer, id.,* 308 A.2d at 182–83.

The inappropriateness of this rule in cases such as the present case is clear, however. In a case in which the

---

**1.** Under the Workmen's Compensation Act, any claimant may file a claim petition if there is disagreement as to the facts concerning an injury or as to the amount of compensation due. 77 P.S. § 751. Once a claim petition has been filed, it is the obligation of a referee to determine whether or not the injury described in the petition is compensable under the Act. 77 P.S. § 833.

**2.** I wish to emphasize that employers have no affirmative duty to advise claimants of their rights. Yet, when an employer is approached by a claimant, it should not be free to dispense legal advice which is negligently or intentionally false. Such a rule would in no way affect the rights of employers and claimants to enter into agreements for compensation. *See* 77 P.S. § 731.

employer convinces the claimant that no claim exists, the claimant has no reason to believe that he needs to do anything. In such a situation, it makes little sense to begin computing the time, during which the claimant must act in order to preserve his rights, from the date on which he was last informed that he had no rights to preserve.

Instead, I would hold that in cases in which a claimant has delayed filing his claim petition because the employer's statements caused him to reasonably believe that he had no claim, the statute of limitations is tolled until the first date on which the claimant learns that he does, in fact, have the right to file a claim petition.

In this case, the referee found as a fact that appellant first became aware that she might have a valid claim in June, 1978, after she had read a newspaper article concerning workmen's compensation for heart attack victims. The statute of limitations was thus tolled until 1978. Since appellant filed her fatal claim petition less than one year later, in April, 1979, I would hold that the petition was timely.

I would reverse the order of the Commonwealth Court and remand this case for further proceedings on the merits.

ROBERTS, C.J., joins in this dissenting opinion.