509 A.2d 1327

Luzerne County Transportation Authority and Pennsylvania Manufacturers' Association Insurance Company, Petitioners *v.* Workmen's Compensation Appeal Board (Buzink), Respondents.

Submitted on briefs, February 4, 1986, to Judges ROGERS and BARRY, and Senior Judge BARBIERI, sitting as a panel of three.

*Ralph J. Johnston, Jr.,* for petitioners.

*Anthony J. Lupas, Jr.,* with him, *Michael R. Koste-lansky,* for respondent, Joseph Buzink.

OPINION BY JUDGE BARRY, May 8, 1986:

The Luzerne County Transportation Authority, the employer, and its worker's compensation insurance carrier, the Pennsylvania Manufacturers' Association Insurance Company, appeal from an order of the Workmen's Compensation Appeal Board (Board) which affirmed a decision of the referee awarding benefits to Joseph Buzink, the claimant, for the specific loss of use of his right hand.

The claimant injured his hand at work in January of 1977. A notice of compensation payable was signed and claimant collected benefits for total disability until April of 1977 when he signed a final receipt. A supplemental agreement was filed in February of 1978 and the claimant again collected benefits for total disability. On April 7, 1978, the claimant signed another final receipt.

The claimant continued to have problems with his right hand and on June 23, 1981, he filed a claim petition alleging that he had lost the use of his right hand for all practical intents and purposes. The referee treated this claim petition as a petition to set aside a final receipt. The claimant presented the testimony of Dr. Albert D. Janerich, a physician specializing in physical medicine and rehabilitation. Dr. Janerich, claimant's treating physician, testified that the claimant was able to use his right hand only in a very limited fashion and that, is his opinion, the claimant had lost the use of the hand for all practical intents and purposes. The employer presented medical evidence to the contrary. The referee found Dr. Janerich's testimony to be more credible and awarded benefits. The Board affirmed and this appeal followed.

The employer makes two allegations of error, neither of which has any merit. Hence, we affirm.

The employer first argues that the claim petition, which was treated as a petition to set aside a final receipt, was untimely. Section 315 of the Pennsylvania Workmen's Compensation Act, Act, of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §602 (Supp. 1985), requires that a petition to set aside a final receipt be filed within three years of the date of the most recent payment. Here, the present petition was not filed until three years and two months after the last payment.

In *Taglianetti v. Workmen's Compensation Appeal Board,* 63 Pa. Commonwealth Ct. 456, 459-60, 439 A.2d 844, 845-46 (1981), *aff'd,* 503 Pa. 270, 469 A.2d 548 (1983) we stated:

[W]hen an employer has deceived a claimant, and thus delayed the initiation of a claim, the employer is estopped from asserting as a defense the claimant's belated pursuance of his rights....

Deception occurs where a claimant is reasonably lulled into a false sense of security, and resultant inaction, by representations of the employer that all necessary efforts are being made to preserve the claimant's rights and process his request for compensation....

*Even where an employer unintentionally misleads a claimant and thereby induces reliance and passivity, the employer is estopped from raising the claimant's inopportune filing as a defense....*

....

Moreover, where a claimant has been deceived by the employer so that the claimant did not opportunely file a petition for compensation, the statutory time limitation for filing begins to run from the date of the employer's last mislead-

ing statement upon which the claimant relied....
(Emphasis added.) (Citations omitted.)

In this case, the claimant presented the testimony of a Mr. Robert Boston, who, at the time that claimant signed the second final receipt in April of 1978, was the employer's representative responsible for obtaining signatures on final receipts. Mr. Boston testified that the claimant was unwilling to sign the final receipt because, despite being able to return to work, the claimant was experiencing problems with the right hand. Mr. Boston told the claimant that he could reopen his claim at any time. Based on this misinformation, the claimant signed the final receipt. Furthermore, Mr. Boston testified that, when the claimant continued to have problems with his hand in early 1979, the pair had further discussions in which the same misinformation was given.

Based on Mr. Boston's testimony, the referee specifically found that the claimant had relied on the misinformation and had been lulled into inaction. We recognize that the evidence to support claimant's allegation of unintentional misrepresentations must be supported by clear and precise evidence. *Climax Molybdenum Co. v. Workmen's Compensation Appeal Board,* 15 Pa. Commonwealth Ct. 249, 325 A.2d 822 (1974). The referee, as arbiter of credibility, is free to believe Mr. Boston's testimony as well as the claimant's testimony that he relied on Mr. Boston's statements. This testimony constitutes clear and precise evidence to meet the required standard. As the present claim was filed within three years of the last misleading statement, it must be considered timely.

The employer introduced a letter which indicated that the claimant had consulted with his attorney in March of 1980 concerning this claim. The employer thus argues that this consultation somehow relieves it

from responsibility for the misleading statements of its representative. As *Taglianetti* makes clear, however, the time period does not begin to run until the last misleading statement of the employer. That the claimant consulted with his attorney before the original period of limitation would have run does not, in our view, alter this precept.[1]

The employer also argues that no substantial evidence exists to support the referee's finding that the claimant lost the use of his hand for all practical intents and purposes. Again, the referee is the sole judge of credibility and, in this case, chose to believe Dr. Janerich. Our review of this testimony convinces us that substantial evidence was in fact presented to support the referee's factual findings which support the legal conclusion of specific loss of use.

## ORDER

Now, May 8, 1986, the order of the Workmen's Compensation Appeal Board, dated October 25, 1984, at No. A-87487, is affirmed.

---

[1] In *Dudley v. Workmen's Compensation Appeal Board (Twp. of Marple)*, 80 Pa. Commonwealth Ct. 233, 471 A.2d 169 (1984), *aff'd per curiam*, 510 Pa. 283, 507 A.2d 388 (1986) we expressed a degree of dissatisfaction with the rule of *Taglianetti* and held that the three year period does not begin to run until the injured either knows or has reason to know of the employer's deception. In giving our reasons for the change, we stated, "if an employee remains under a false impression, as created by his employer's last act, throughout the statutory time period, he would find that the remedial provisions of the workmen's compensation laws are no longer available to him." *Dudley* at 240-41, 471 A.2d at 173. *Dudley* must, therefore, be read as expanding the *Taglianetti* rule and giving additional protections to injured workers who have been deceived by their employers. Here, no such additional protections are needed by claimant because he filed suit within three years of the last misleading statement upon which he relied.