535 A.2d 163

**Dorothea DERCOLI, Appellant,**

**v.**

**PENNSYLVANIA NATIONAL MUTUAL INSURANCE COMPANY and Grange Mutual Casualty Company.**

Superior Court of Pennsylvania.

Argued Oct. 15, 1987.

Filed Dec. 21, 1987.

Petition for Allowance of Appeal Granted May 10, 1988.

Anthony N. Gemma, New Castle, for appellant.

John R. Seltzer, New Castle, for Pennsylvania Nat., appellee.

Peter E. Horne, New Castle, for Grange, appellee.

Before BROSKY, DEL SOLE and HOFFMAN, JJ.

BROSKY, Judge:

This is an appeal from the Order of the trial court sustaining appellees' demurrer and dismissing appellant's complaint in this action in assumpsit.

On appeal, two issues are presented for our review: (1) whether the decision of the Pennsylvania Supreme Court in *Hack v. Hack*, 495 Pa. 300, 433 A.2d 859 (1981), abolishing interspousal immunity, is to be given retroactive application; and (2) whether the duty of good faith and fair dealing requires an automobile insurer to properly advise its in-

sured as to entitlement to present claims under the applicable policy.

Upon consideration of the trial court opinion and briefs by counsel, we affirm the order in question.

On July 21, 1980, appellant was a passenger in an automobile being driven by her husband. Mr. Dercoli fell asleep at the wheel and drove his car under the wheels of an oncoming tractor-trailer rig. Mr. Dercoli was killed instantly and appellant was severely injured.

Pennsylvania National Mutual Insurance Company and Grange Mutual Casualty Company, (hereinafter appellees), undertook the handling, processing and payment of appellant's insurance benefits. Payments were made to appellant until April, 1984, and in March, 1985, appellees informed appellant that no further payments would be made.

On January 17, 1986, appellant filed a civil action against appellees alleging that they had violated their duty of good faith and fair dealing by failing to advise her of the Pennsylvania Supreme Court decision in *Hack v. Hack*, supra. That decision abolished interspousal immunity, thereby making it possible for her to recover damages from her husband's estate for injuries caused by his negligence.

Appellees filed preliminary objections in the nature of a demurrer asserting *inter alia* that (1) the *Hack* decision is not retrospective, and (2) an insurance carrier is not required to advise an insured so as to maximize benefits. The trial court dismissed the action based on the latter assertion.

On appeal, appellant questions first whether the Supreme Court's decision in *Hack, supra,* should be applied retrospectively: It is our opinion that this is not the correct forum for such a determination. When appellant instituted the original complaint against appellees, she questioned their duty towards her. The manner in which *Hack* is to be applied is irrelevant to that decision, and our determination of its applicability can have no bearing on the underlying issue. The *Hack* case deals with the abolition of interspous-

al immunity. Appellant, here, is not suing her late husband's estate, but rather, she is suing the insurance companies for failing to keep her abreast of the law. Any thoughts on the *Hack* decision would, at this point, be pure dicta. We, therefore, decline to give consideration to a question of law which has no relevance to the true issue at hand. ·

Accordingly, we are left to decide whether appellees breached a duty of good faith and fair dealing towards appellant when they did not inform her of the possibility of receiving benefits as a result of the Pennsylvania Supreme Court's decision in *Hack v. Hack*, supra. It must first be noted that appellant is attempting to recover on a liability policy as an injured third party by bringing a direct action against the insurers of the alleged tortfeasor. Unless the right is created by statute, or provided for by the policy in question, appellant cannot bring a direct action against appellees. *Folmar v. Shaffer*, 232 Pa.Super. 22, 332 A.2d 821 (1974). Thus, any action must be brought against the alleged tortfeasor and the estate of appellant's late husband.

Additionally, appellant never made a claim under the liability provision of the policy, nor had any third party filed a lawsuit against the estate which the insurer would have had to defend. Thus, while an insurer does have a duty to act in good faith when processing a claim made by or on behalf of an insured, appellant did nothing to give rise to that duty. See, *Gray v. Nationwide Mutual Insurance Co.*, 422 Pa. 500, 223 A.2d 8 (1966), (suit permitted against insurer for failure to act in "good faith" when settling claim); *Gedeon v. State Farm Insurance Co.*, 410 Pa. 55, 188 A.2d 320 (1963) (insurer assumes a fiduciary position towards the insured and becomes obligated to act in good faith and with due care in representing the interests of the insured). Any duty on the part of appellees would be towards the estate of appellant's late husband, and not towards any third party.

In its reasoning, the trial court has analogized this situation to that involving workmen's compensation, *Taglianetti*

*v. Workmen's Compensation Appeal Board,* 503 Pa. 270, 469 A.2d 548 (1983). In that case, the claimant had contacted her employer's personnel office on two occasions subsequent to receiving death gratuity benefits to determine whether she was entitled to any additional benefits. On those occasions, claimant was informed that she would not receive additional benefits. No discussion of workmen's compensation benefits took place at that time, and the claimant was never informed of the existence or non-existence of workmen's compensation benefits or of the right to file a claim. The Pennsylvania Supreme Court held that an insurance-carrying employer has no affirmative duty to apprise an employee or potential claimant of any and all available benefits. The Supreme Court continued by refusing to impose such a duty where none exists. The trial court, thus, reasoned that, "a carrier of liability insurance has no affirmative duty to advise anyone to file a claim on which it will ultimately be liable, even if that party is a named insured on the policy". (Trial Court Opinion, Page 6). In light of the Supreme Court's holding in *Taglianetti, Id.,* we agree with this analysis and, therefore, will not now impose upon appellees, the duty to advise appellant of possible benefits resulting from her status as an injured third party in the instant case.

Order affirmed.