571 A.2d 1118

**Alexander McCUNE, Petitioner,**

**v.**

**WORKMEN'S COMPENSATION APPEAL BOARD (MONESSEN SOUTHWESTERN RAILWAY COMPANY), Respondent.**

Commonwealth Court of Pennsylvania.

Argued Feb. 5, 1990.

Decided March 20, 1990.

Robin S. Wertkin, Evans, Ivory, Moses, Hollander & MacVay, P.C., Pittsburgh, for petitioner.

Joseph A. Fricker, Jr., Fricker & Associates, Pittsburgh, for respondent.

Before CRAIG and PALLADINO, JJ., and NARICK, Senior Judge.

CRAIG, Judge.

Alexander McCune appeals from an order of the Workmen's Compensation Appeal Board which affirmed a referee's decision dismissing McCune's petition for compensation because the statute of limitations had expired under § 315 of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, as amended, 77 P.S. § 602.

McCune sustained injuries, on June 28, 1981, while working on the railroad tracks of Monessen Southwestern Railway Company (MSW). Since 1912, MSW had operated as a common carrier under the regulations of the Pennsylvania Public Utility Commission.

On September 23, 1981, McCune filed a complaint in the Court of Common Pleas of Allegheny County alleging liability on the part of MSW for his injuries pursuant to the provisions of the Federal Employers Liability Act, 45 U.S.C. § 51 et seq. (FELA). Employees are entitled to FELA benefits if the employer is a common carrier by railroad engaged in interstate commerce at the time of the accident. FELA, when applicable, is an employee's exclusive remedy. *Trucco v. Erie R. Co.*, 353 Pa. 320, 45 A.2d 20 (1946).

MSW and McCune reached a settlement on November 28, 1984. On April 16, 1985, McCune signed a settlement agreement and received a check from MSW for $65,000. Because MSW initiated bankruptcy proceedings under Chapter 11 of the Federal Bankruptcy Code on *the same date*, April 16, 1985, the bank dishonored McCune's check.

Concerning MSW's status as a common carrier, we note that, on September 1, 1980, before McCune's injury and his proceedings under FELA, MSW had applied to the commission for a certificate of public convenience to cease operation as a common carrier pursuant to section 1102(a)(2) of the Public Utility Code, 66 Pa.C.S. § 1102(a)(2). The commission denied the application and MSW appealed to the Commonwealth Court.

On April 24, 1984, this court remanded the case to the commission for further proceedings. MSW appealed to the Supreme Court. On June 4, 1985, the Supreme Court affirmed the Commonwealth Court and held that MSW is not a common carrier as defined by the Code and is therefore entitled to decertification. *Monessen Southwestern Railway Co. v. Pennsylvania Public Utility Commission,* 82 Pa.Commonwealth Ct. 13, 474 A.2d 1203 (1984), *aff'd,* 507 Pa. 586, 493 A.2d 666 (1985).

After the bank dishonored MSW's check, McCune sought priority for his claim pursuant to section 1171(a) of the Bankruptcy Code, 11 U.S.C. § 1171(a), which provides that personal injury claims arising from the operations of a debtor railroad are to be paid as an administrative expense from operating revenues. On March 18, 1987, the bankruptcy judge determined that, although MSW had not been decertified as a public utility, MSW was not a common carrier and therefore was not a "railroad" as defined by 11 U.S.C. § 101(36). Thus, McCune would not receive priority for his claim.

On appeal, the U.S. District Court for the Western District of Pennsylvania stayed the proceedings before the bankruptcy judge until the commission concluded final proceedings on MSW's decertification.

Because MSW had earlier denied its status as a common carrier in the bankruptcy proceedings, McCune filed a claim for workmen's compensation on July 18, 1986. On October 26, 1987, the referee dismissed McCune's claim, finding that the petition was barred by the statute of limitations under section 315 of the Act, 77 P.S. § 602. McCune appealed to the Workmen's Compensation Appeal Board, which affirmed the referee, and this appeal followed.

The issue in this case is whether MSW, by denying common carrier status after settlement of the FELA lawsuit and by avoiding payment of that settlement, is estopped from asserting the statute of limitations as a defense to McCune's claim petition.

Unless the claimant can show that the employer fraudulently or deceptively induced the claimant to forebear from filing a petition, the failure to file a claim petition within three years of the injury is a bar to the claim. *Táglianetti v. Workmen's Compensation Appeal Board,* 503 Pa. 270, 469 A.2d 548 (1983). McCune argues that MSW lulled him into inaction under the Act by proceeding with and agreeing to settle the FELA claim. The claimant has the burden of proving that his failure to file the petition on time was based upon his reliance upon the employer's misleading statements. *NUS Corp. v. Workmen's Compensation Appeal Board,* 119 Pa.Commonwealth Ct. 385, 547 A.2d 806 (1988).

If both parties know the facts or if both parties have equal means of knowledge, one party cannot assert estoppel against the other party because of alleged misrepresentations as to the facts. *Northwestern National Bank v. Commonwealth,* 345 Pa. 192, 27 A.2d 20 (1942). In the proceedings before the referee, McCune acknowledged that his claim arose during the period of change in MSW's status as a common carrier. Additionally, MSW's general counsel sent a letter to McCune's counsel dated August 1, 1979, which stated that questions may arise as to whether an employee's accident is covered by FELA or the Act. The record also indicates that, in MSW's answer to McCune's complaint, MSW denied common carrier status and denied that McCune's duties were in furtherance of interstate commerce.

Because McCune knew at the time of his accident about MSW's decertification proceedings, yet chose to pursue only a FELA claim, we do not agree with McCune that MSW is estopped from asserting the statute of limitations.

Accordingly, we affirm.

## ORDER

NOW, March 20, 1990, the order of the Workmen's Compensation Appeal Board, decision No. A–94723, dated January 26, 1989, is affirmed.